**Speicher v. Toshok**

*Noah Geary,* for plaintiffs.

*S. Manoj Jegasothy* and *Wilbur McCoy Otto,* for defendants.

WETTICK, *J.,* May 14, 2003—Plaintiffs' petition for leave to conduct pre-complaint discovery is the subject of this opinion and order of court. The issue raised through this petition is whether recently adopted rules governing professional liability actions (Pa.R.C.P. 1042.1-1042.8) expand the use of pre-complaint discovery in professional liability actions.

This lawsuit was instituted through a praecipe for a writ of summons. The writ names as defendants two individuals (Revathi Toshok D.O./M.D., and Cathy Zamba, CRNA) and five University of Pittsburgh/UPMC Presbyterian corporate defendants.

Plaintiffs' petition for leave of court to conduct pre-complaint discovery contains the following allegations: The cause of action is "negligence/medical malpractice in the administration of anesthesia prior to elbow surgery and possible negligence in the conduction of the elbow surgery . . . ." (¶2.) Plaintiffs retained an anesthesiologist who has reviewed the pertinent medical records, including the anesthesia record which contains minimal information. Neither this anesthesiologist nor any other

anesthesiologist will be able to determine whether there was a deviation from the standard of care unless and until "depositions are taken and testimony elicited from, inter alia, defendants Zamba and Toshok on numerous points, including but not limited to what axillary block technique was employed, what gauge needle was used, whether paresthesias were obtained, whether a nerve stimulator was used, the name of the individual who gave the initial sedating drugs, who decided on the dosages and why, who chose to use chirocaine versus other local anesthetic drugs and why, who arrived at a 1:300K epinephrine concentration and why, etc., etc." (¶5.)

Prior to the promulgation of Rule 1042.1 et seq., a plaintiff in a medical malpractice action (and in any other action) could seek pre-complaint discovery without leave of court. However, a plaintiff seeking to depose parties or witnesses before filing a complaint is usually faced with a motion for a protective order requesting that such discovery be barred until the filing of the complaint. In most instances, the motion is granted.

In *Potts v. Consolidated Rail Corp.,* 37 D.&C.4th 196, 147 P.L.J. 40 (1998), I addressed pre-complaint discovery. In this opinion, I described the standard that I apply in deciding motions for protective orders staying discovery until the pleadings are closed:

"Upon presentation of these motions, I advise counsel that I ordinarily stay discovery until the pleadings are closed unless the party seeking the discovery can show a compelling reason. There are exceptions to this rule where the discovery request is narrow and the production of the information that is sought will not cause an-

noyance, embarrassment, oppression, burden or expense to the responding party. Consider, for example, a discovery request in which the plaintiff seeks a copy of the plaintiff's written employment agreement with the defendant or a plaintiff's request for his or her medical records to a medical provider." *Id.* at 199, 147 P.L.J at 40-41.

In *Potts,* I stated that interests of justice are usually furthered by a court order barring discovery in the preparation of the case until the plaintiff's complaint has been filed for several reasons: First, a defendant should have the opportunity to show that a claim raised in the complaint fails to state a cause of action before responding to discovery involving this claim. Second, the discovery rules should be applied in a manner consistent with the pleading rules that are based on the premise that discovery will be narrowed if the contours of the dispute are initially defined through fact pleading. Third, until a complaint has been filed that meets the specificity requirements of the Pennsylvania Rules of Civil Procedure, a defendant and a court may not be in a position to determine whether the discovery that the plaintiff seeks involves matters relevant to the subject matter involved in the pending action. Fourth, since counsel for a defendant—unlike counsel for the plaintiff—may not have any knowledge of the claim until after the lawsuit is filed, the rules of discovery should be applied to give a defendant's counsel sufficient time to determine the nature of the dispute before responding to extensive discovery requests.

Recently, in *McNeil v. Jordan,* 814 A.2d 234 (Pa. Super. 2002), the Superior Court considered pre-complaint

discovery. The plaintiff sought discovery to obtain facts essential to his cause of action, namely facts showing that his mother had intended to treat him equally concerning all aspects of her estate and marital trust. The trial court upheld objections to the discovery, stating that pre-complaint discovery may not be used to determine whether a cause of action exists.

The Superior Court affirmed the ruling of the trial court barring the plaintiff's pre-complaint discovery. Since no appellate decisions had commented upon the limits, if any, to be imposed upon pre-complaint discovery, the Superior Court opinion reviewed seven common pleas court opinions that had addressed pre-complaint discovery. The standards which these common pleas courts applied ranged from (1) permitting pre-complaint discovery to aid in the preparation of the complaint, so long as the plaintiff establishes the relevancy of the questions and that they will aid in the preparation of the pleading, to (2) permitting pre-complaint discovery only upon carefully constructed limitations and a showing that without discovery a complaint cannot be drafted.

The Superior Court was "more persuaded by the case law setting reasonable limits on pre-complaint discovery than the case law permitting a more liberal allowance of discovery." *Id.* at 245. Thus, it upheld the trial court's refusal to permit extensive pre-complaint discovery because the grant of this request would have allowed discovery to search for a reason to sue where none might exist.

If plaintiffs' pre-complaint discovery is governed by *Potts* and *McNeil,* I will not permit plaintiffs to depose

the individual defendants prior to the filing of a complaint.[1] Thus, I consider plaintiffs' contention that Rules 1042.1-1042.8 governing professional liability actions have expanded a plaintiff's ability to obtain pre-complaint discovery.

Rule 1042.3(a)(1) requires the attorney for the plaintiff to file with the complaint or within 60 days after the filing of the complaint, a certificate of merit signed by the attorney. The attorney's signature certifies that an appropriate licensed professional has supplied a written statement that there is a basis to conclude that the care, skill, or knowledge exercised or exhibited by the defendant in the treatment, practice, or work that is the subject of the complaint fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.[2]

Rule 1042.5 addresses discovery:

"Except for the production of documents and things or the entry upon property for inspection and other purposes, a plaintiff who has asserted a professional liability claim may not, without leave of court, seek any discovery with respect to that claim prior to the filing of a certificate of merit.

---

1. Defendants have not objected to six interrogatories which plaintiffs served seeking information permitting plaintiffs to name all appropriate defendants.

2. Under Rule 1042.3(d) the court upon good cause shown shall extend the time for filing a certificate of merit for a period not to exceed 60 days. This rule does not impose any restrictions on the number of orders that the court may enter. A note to this rule states that there is a basis for granting an extension of time "if, despite diligent efforts by counsel, records necessary to review the validity of the claim are not available."

"Note: Upon motion seeking leave of court, the court shall allow any discovery which is required for a licensed professional to make a determination as to whether a defendant deviated from accepted professional standards.

"This rule does not preclude a defendant from seeking a protective order under Rule 4012 in response to a request for the production of documents and things or the entry upon property for inspection and other purposes."

Plaintiffs contend that the provision in the note to Rule 1042.5 that "the court shall allow any discovery which is required for a licensed professional to make a determination as to whether a defendant deviated from acceptable professional standards" allows pre-complaint discovery that would not otherwise have been permitted. Plaintiffs also contend the requirement that a certificate of merit be filed with the complaint or within 60 days thereafter envisions a liberal allowance of pre-complaint discovery.

I disagree. In all civil litigation other than professional liability claims, the plaintiff may engage in discovery at any time without leave of court. Rule 1042.5 is intended to restrict the plaintiff's ability to engage in discovery by barring any discovery without leave of court except for the production of documents and things or the entry upon property for inspection or other purposes. If I accept plaintiffs' argument, I will have turned a rule intended to restrict discovery into a rule that expands a plaintiff's ability to engage in discovery.

The note upon which plaintiffs rely does not address the timing of discovery. The reasons set forth in *Potts*

for restricting pre-complaint discovery are applicable to professional liability actions. Consequently, leave of court should not be granted to permit any discovery that *Potts* would not allow until a complaint has been filed.[3]

This ruling is consistent with the design of the rules governing professional liability actions. Rule 1042.4 provides that a defendant against whom a professional liability claim is asserted is not required to file a responsive pleading until 20 days after service of the certificate of merit, and Rule 1042.5 permits discovery (except for the production of documents and the like) only with leave of court prior to the filing of the certificate of merit. The purpose of these rules is to minimize the costs of defense and the time that a licensed professional must devote to the litigation until the plaintiff has been able to secure a certificate of merit.

For these reasons, I enter the following order of court:

## ORDER

On May 14, 2003, it is hereby ordered that plaintiffs' petition for leave of court to conduct pre-complaint discovery is denied.

---

3. I continue to apply *Potts* to pre-complaint discovery because the *Potts* opinion was extensively discussed in *McNeil* and if the *McNeil* opinion criticizes *Potts*, its criticism is that the *Potts* standard is not sufficiently restrictive.