**Kerry v. Butler Memorial Hospital**

570

C.P. of Butler County, A.D. no. 03-10498, C.P. 04-20049.

*Thomas E. Crenney,* for plaintiff.
*Tyler J. Smith* and *Stuart H. Sostmann,* for defendant Spingola.

SHAFFER, *J.,* March 12, 2004—The instant action was commenced when Gail Kerry, plaintiff, filed a writ of summons on May 21, 2003. The writ expired on June 20, 2003. The writ was then reissued on June 24, 2003, and service was made on all parties (Butler Memorial Hospital, Medical Center Clinic, Charles Spingola M.D., Sigurdur R. Pertusson M.D.) on June 30, 2003. On September 15, 2003, the plaintiff filed a complaint alleging that Dr. Spingola was negligent in diagnosing a hematoma and in the treatment of the same.

On November 13, 2003, this court granted the plaintiff's motion for extension of time to file certificates of merit giving the plaintiff 60 days to file the required certificates of merit. On November 21, 2003, Dr. Spingola filed preliminary objections to the plaintiff's complaint requesting that the plaintiff conform her complaint to reflect a professional liability claim. The plaintiff did not file her certificates of merit until January 14, 2004, two days beyond the initial 60-day limit.[1]

On January 13, 2004, Dr. Spingola praeciped to enter judgment in his favor. Judgment was entered against the plaintiff on January 13, 2004.

On January 21, 2004, the plaintiff filed a petition to open and/or strike judgment of non pros against Dr. Spingola, alleging that the judgment should be re-opened asserting that she was not yet required to file a certificate of merit, Dr. Spingola was not prejudiced by the

---

1. This court gave the plaintiff 60 days from November 13, 2003, to file her certificates of merit. Therefore, the plaintiff's deadline was January 12, 2004.

delay and she has a meritorious action against Dr. Spingola.

Pa.R.C.P. 1042.3 states:

"In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within 60 days after the filing of the complaint, a certificate of merit signed by the attorney or party . . . ."

Pa.R.C.P. 1042.6 states that, "The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time, provided that there is no pending timely filed motion seeking to extend the time to file the certificate."

The plaintiff argues that the judgment of non pros should be opened because of an error in procedure. She was not yet required to file a certificate of merit.

The plaintiff cites the case *Hermann v. Pristine Pines of Franklin Park Inc.,* 64 D.&C.4th 14 (Allegheny Cty. 2003). In the *Hermann* case the plaintiff filed a complaint against a profession, however the complaint did not specifically set out a claim for professional liability. The defendant obtained a judgment of non pros for failing to file certificates of merit within the 60-day time limit. The court in *Hermann* then granted the plaintiff's petition to strike the non pros stating that to obtain a judgment of non pros for failure to file certificates of merit the defendant must first file preliminary objections requiring the plaintiff to amend her complaint to assert a professional liability claim, then after filing her amended

complaint if the plaintiff fails to file certificates of merit the defendant may obtain a judgment of non pros. *Id.*

The plaintiff asserts that her complaint does not make out a professional liability claim against Dr. Spingola. Plaintiff asserts that the defendant may not obtain a judgment of non pros for failing to file certificates of merit until: (1) the defendant properly files preliminary objections requesting plaintiff amend her complaint to assert a professional liability claim, and (2) plaintiff files an amended complaint asserting a professional liability claim. Plaintiff asserts that, while Dr. Spingola has filed preliminary objections requesting that she file an amended complaint, she has yet to file an amended complaint. Therefore, plaintiff asserts that she is not yet required to file certificates of merit, and that the judgment of non pros based on her failure to file a certificate of merit should be stricken.

This court finds that the plaintiff's argument on this point is flawed. In this case, the plaintiff filed a complaint asserting a claim of negligence against Dr. Spingola. However, on September 15, 2003, the *plaintiff* herself filed a motion for extension of time to file certificates of merit.

Plaintiff contradicts herself regarding her claim. In one breath the plaintiff asserts that her claim is for professional liability by acknowledging she must file a certificate of merit. In another, the plaintiff asserts that she is entitled to relief because she has not yet asserted a claim for professional liability, thus she is not required to file a certificate of merit.

The plaintiff's complaint is the operative document that triggers the requirements of Pa.R.C.P. 1042.3. The plaintiff's complaint, through the plaintiff's own assertions, provides a claim for professional liability. Therefore, since the plaintiff's complaint provides for a claim of professional liability, the defendant's preliminary objections requesting the plaintiff conform her pleading are irrelevant. Thus the plaintiff was required to file a certificate of merit.

It is now established that the plaintiff was required to file a certificate of merit. This court will now address whether the judgment of non pros should be stricken/opened.

Plaintiff asserts that there are two standards applied to opening a judgment of non pros, the rigid standard in Pa.R.C.P. 3051 and the more liberal standard in Pa. R.C.P. 237.3. Plaintiff asserts that the liberal 237.3 standard should apply. This court does not agree.

The standard in Rule 237.3 refers to Rule 237.1. Rule 237.1 states that this specific rule only applies to judgment of non pros entered by praecipe pursuant to Rules 1037(a) and 1659. Rule 1037(a) refers to a situation where an action is instituted by a writ of summons. Rule 1037(a) provides that a defendant may obtain a judgment of non pros if a plaintiff fails to file a complaint more than 20 days after being served with a rule to file a complaint. Rule 1659 refers to mechanic's liens.

Rule 1042.6 expressly governs the entering of judgment of non pros for failure to file certificates of merit. Further, the note in Rule 1042.6 expressly states that Rule 237.1 *does not apply to judgment of non pros entered*

*under this rule.* Therefore, the standard expressed in Rule 3051 applies to the case at bar, and not the liberal standard of 237.3.

Dr. Spingola asserts that the standard contained in Rule 3051 should not apply in this case either. Dr. Spingola asserts that a judgment of non pros entered into under Rule 1042.6 may not be opened in any case. Dr. Spingola asserts that the 60-day time limit in Rule 1042.3 is absolute.

Dr. Spingola cites the case *Hoover v. Davila* (Lawrence Cty., no. 10174 of 2003, C.A., J. Craig Cox, November 29, 2003). In the *Hoover* case, the court states that the standard in Rule 3051 does not apply to situations under Rule 1042.6. *Id.* The court in *Hoover* states that Rule 1042.6 does not leave any room for discretion, and that there can be no reasonable explanation under any circumstances for failure to file a certificate of merit. *Id.*

This court respectfully disagrees with its sister court when it says that, "there can be no reasonable explanation under *any* circumstance for failure to file a certificate of merit." Therefore, this court will apply the standard contained in Rule 3051.

Pa.R.C.P. 3051(b) states,

"(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that:

"(1) the petition is timely filed,

"(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

"(3) there is a meritorious cause of action."

576

The plaintiff has met the requirements that the petition to open the judgment of non pros was timely filed and there is a meritorious cause of action. However, the plaintiff has not established a reasonable explanation or legitimate excuse for the inactivity.

Plaintiff asserts that her certificates of merit were not filed by the January 12, 2004 deadline because her counsel mistakenly thought that the certificates were due 60 days from when they were initially due; precisely, her counsel thought the deadline was January 15, 2004. This court finds that plaintiff's counsel's mistake was not reasonable. This court's November 13, 2003 order clearly indicates that the plaintiff was granted a 60-day extension "from *this* date," November 13, 2003.

Plaintiff's complaint in and of itself, along with her later acknowledgment of the same, sets out a claim for professional liability. Thus plaintiff's complaint is the effective document that required her to file certificates of merit. The standard of Rule 3051, not Rule 237.3, applies to judgment of non pros entered into under Rule 1042.6 for failure to file certificates of merit. Plaintiff's counsel's mistake regarding the deadline date for filing a certificate of merit is not a reasonable explanation.

Accordingly, the court enters the following:

## ORDER

And now, March 12, 2004, upon consideration of plaintiff's petition to open and/or strike judgment of non pros, it is hereby ordered that plaintiff's petition to open and/or strike judgment of non pros is denied.