### Thomas A. ALMES and Anette M. Almes, Appellants,

v.

### Kenneth F. BURKET, Patti Lu Burket, Schillinger & Keith Abstract & Settlement, Inc., Stewart Title Guaranty Company and Myron Hay Tomb, Appellees.

Superior Court of Pennsylvania.

Argued April 19, 2005.

Filed Aug. 9, 2005.

David C. Pohland, Greensburg, for appellant.

Scott Eberle, Pittsburgh, for appellee.

BEFORE: ORIE MELVIN, BENDER and BECK, JJ.

OPINION BY BENDER, J.:

¶ 1 This is an appeal from an order denying Appellants' Petition for Relief from Judgment of Non Pros. Appellants raise one issue for our resolution, "did the Appellant (sic) meet the requirements of Pa.R.C.P. 3051(b) for relief from judgment of non pros?" We reverse and remand.

¶ 2 The facts relevant to our discussion follow: on October 23, 2003, Appellants filed a complaint that included, *inter alia,* a claim of professional negligence against Appellee, Myron Hay Tomb, Esquire, relating to Tomb's representation of Appellants in the purchase of real estate. The complaint alleges that in March of 1999, Appellants entered into an agreement to purchase two parcels of land from the Burkets and that settlement on the transaction took place on April 9, 1999, via the execution by the parties of a general warranty deed. Between the signing of the purchase agreement and closing on the property, Appellants retained Tomb to represent them in the transaction and to ensure the property had a marketable title. The complaint further alleges that Tomb employed Schillinger & Keith Abstract & Settlement, Inc., to perform a title search.

¶ 3 In July of 2001, Appellants entered into an agreement to convey a portion of the property purchased from the Burkets to a third-party. In August of 2001, Appellants were informed that a cloud on the title existed in the form of a "right of first

refusal," or option to buy, contained in an earlier deed from the Burkets to Charles Mackall, Jr., executed in 1996. Due to the existence of the right of first refusal, Appellants were forced to negotiate a settlement with Mackall. This settlement required Appellants to convey to Mackall a right-of-way across the subject property. Appellants allege that the value of the property was diminished by $58,500 as a result of the right-of-way.

¶ 4 After the filing of their complaint, Appellants, through their counsel, David C. Pohland, Esquire, sought a written statement from a licensed professional that there exists a reasonable probability that the care, skill or knowledge exercised by Tomb in representing Appellants fell outside acceptable legal standards. This statement was sought to comply with Pa. R.C.P. 1042.3, which requires that a "certificate of merit" be filed within 60 days of the filing of the complaint. In the present case, the sixtieth day from the date the complaint was filed was December 22, 2003. On December 18, 2003, the attorney Appellants' counsel had retained for purposes of reviewing the case of professional negligence against Tomb mailed the statement in question to Appellants' counsel. On that same day, and prior to receipt of the statement, Appellants' counsel learned that his mother-in-law was "gravely ill." In response to the news, counsel, his wife and their children, traveled to the residence of his mother-in-law. On that evening, counsel's mother-in-law died and was subsequently buried on December 22, 2003.

¶ 5 As the Christmas holiday fell almost immediately after the funeral for counsel's mother-in-law, counsel did not return to his office until December 26, 2003, where, upon opening his accumulated mail, counsel discovered both the statement from his retained counsel-expert and a copy of a praecipe to enter judgment of non pros filed on behalf of Tomb. The praecipe was dated December 22, 2003. Judgment of non pros was entered on December 26, 2003, and notice of entry of the same was mailed to Appellant that same day. On December 31, 2003, Appellant filed a petition for relief from judgment of non pros. Attached to the petition for relief was the statement of opinion and certificate of merit required by Pa.R.C.P. 1042.3, and an affidavit setting forth the facts relevant to counsel's absence from the office from December 18, 2003 through December 22, 2003. The affidavit further asserts that, during the time between counsel's departure from his office in response to the urgent situation and through the burial, counsel's "heart and mind were focused on the needs of my family." Exhibit "C," Affidavit of David C. Pohland, Esquire, ¶ 4.

¶ 6 On April 21, 2004, argument was heard on Appellants' petition. The parties stipulated on the record that the contents of the affidavit of Appellants' counsel (Exhibit C) were "true and correct for purposes of this proceeding." N.T. Argument, 4/21/04 at 4. In an order dated April 26, 2004, Appellants' petition was denied. The order denying Appellants' petition contained no explanation,[1] but did refer to the cases of *Helfrick v. UPMC, Shadyside Hospital,* 65 Pa. D. & C. 4th 420 (2003), and *Kerry v. Butler Memorial Hospital,* 66 Pa. D. & C. 4th 569 (2004). The present appeal followed.

¶ 7 We begin our analysis of the present case by acknowledging that "[a] Petition to Open a judgment of non pros is addressed to the equitable powers of the court. It is a request to open a judgment of non pros by way of grace and not of

---

1. Nor was a Rule 1925(a) Opinion filed by the court.

right." *Walker v. Pugliese*, 317 Pa.Super. 595, 464 A.2d 482, 484 (1983). Since the decision to open a judgment of non pros is a matter of equity and grace, appellate review of the decision is subjected to an abuse of discretion standard. *Sklar v. Harleysville Ins. Co.*, 526 Pa. 617, 587 A.2d 1386 (1991).

¶ 8 In *Hoover v. Davila*, 862 A.2d 591 (Pa.Super.2004), we concluded that relief from a judgment of *non pros* taken for failure to file a Rule 1042.3 [2] certificate of merit in a timely fashion is subject to the same guidelines as the opening of a judgment of non pros under Rule 3051. Pa. R.C.P. 3051 reads, in relevant part:

**Rule 3051. Relief from Judgment of Non Pros**

... (b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action. Pa. R. Civ. P. 3051(b)(1–3).

¶ 9 Appellants contend that they met the requirements for the opening of a judgment of non pros. By implication then, they further assert that the court abused its discretion in refusing to open the judgment. As Appellee acknowledges, the present case hinges upon whether or not there is a reasonable explanation or legitimate excuse for Appellants' failure to file the certificate of merit in timely fashion. It would seem uncontested that Appellants have met the first and third prong of the test. Appellants filed the petition for relief within a week of the entry of the judgment and the certificate of merit and supporting statement suggest that a *prima facie* case of professional negligence exists. Thus, we concur with Appellee that the case hinges upon whether Appellants have satisfied prong two of the rule. Although we are without the benefit of the trial court's reasoning, we must equate the trial court's denial of Appellants' petition with the conclusion that the court found Appellants' excuse as not legitimate or unreasonable. With this conclusion, we disagree.

¶ 10 Years ago, the appellate courts, if not the trial courts, of this Commonwealth were fairly loathe to put a litigant out of court for missing a filing deadline due to lawyer oversight. The following passage reflected the prevailing point-of-view, "[w]hile, generally speaking, a litigant is bound by the actions or inactions of his counsel, there is authority for the proposition that when a plaintiff places his case in the hands of reputable counsel he will not be turned out of court if the delay complained of was almost entirely on account of neglect or oversight of his counsel."

2. Pa.R.C.P. 1042.3 reads:

**Rule 1042.3. Certificate of Merit**

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

*Manson v. First Nat'l Bank,* 366 Pa. 211, 77 A.2d 399 (1951). Thus, in *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. 441, 368 A.2d 802 (1976), this Court seemingly adhered to the above philosophy and excused the failure to file a timely answer to a complaint when the delay was caused, in part, by the misplacing of the file in an attorney's office.[3] We stated:

> It is well settled that the power to open a default judgment entered as a result of mistake or oversight of counsel is frequently exercised where the petition is promptly filed and a reasonable excuse for the delay is presented. *Alexander v. Jesray Construction Co.,* 237 Pa.Super. 99, 346 A.2d 566 (1975). The purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation. *Kraynick v. Hertz,* supra[, 443 Pa. 105, 277 A.2d 144 (1971) ]; *Slott v. Triad Distributors, Inc.,* 230 Pa.Super. 545, 327 A.2d 151 (1974). Therefore, in most cases such as the instant case, when judgment is taken on the twenty-first day after the filing of the complaint, the purpose of the rules is not served when a timely filed petition to open is denied. Such "snap" judgments are disfavored by the law.

*Id.* at 804–05.

¶ 11 Similarly, in Nardulli v. John Carlo, Inc., 274 Pa.Super. 34, 417 A.2d 1238 (1979), a default judgment was entered when an attorney representing two defendants erroneously believed that he had procured an extension of time to file an answer for both defendants. Counsel had received an extension to file a responsive pleading from the plaintiff's attorney, but had neglected to inform opposing counsel that he represented both the defendant-contractor and the contractor's surety. A review of the written correspondence verified that counsel had neglected to inform opposing counsel of his representation of the surety. When the plaintiff took a default judgment as to the surety, a petition to open default judgment was filed, which was denied. On appeal, we reversed, concluding that the court's refusal to open the judgment under the facts presented constituted an abuse of discretion. We stated that "errors of counsel which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment." *Id.* at 1240.

¶ 12 Perhaps more on point, a recent decision of a panel of this Court affirmed the trial court's excusal of a failure to file a certificate of merit within the time allowed by Rule 1042.3 due to attorney misapprehension. In that case, *Harris v. Neuburger,* 2005 PA Super 228, 877 A.2d 1275 (2005), the attorney representing Harris secured expert reports from a medical doctor who opined that the appellee-doctors had breached the standard of care which led to the death of the appellant's decedent. The appellant's attorney then forwarded the reports to the Appellees well within the 60–day time window but failed to file the corresponding certificate of merit with the Prothonotary. When the Appellees took a non suit, appellant filed a petition to open arguing that there had been "substantial compliance" with the rule and that the failure to file the certificate resulted from appellant's attorney's

---

**3.** Because non pros in a Rule 1042.3 context results from the failure to file a document within the period prescribed by the rule, cases involving the opening of default judgments stand analogous to the present inquiry.

misapprehension of the requirements of Rule 1042.3. Apparently counsel believed that if the required reports were forwarded to the defendant-professional, it was unnecessary to file a certificate of merit. *Id.* at ¶ 8. The court opened the judgment and, upon appeal, we affirmed, concluding that the purpose of the rule, "to prevent the filing of baseless... professional liability claims," *id.* at ¶ 10, had been satisfied. We ultimately concluded that "since appellee has satisfied the purpose of Rule 1042.3, he should not be barred from his day in court because he mistakenly, but reasonably, believed he had met his obligation [under the rule]." *Id.* at ¶ 11.

¶ 13 Here we must consider the reasonableness of counsel's actions in failing to take steps to have the certificate of merit filed after he left the office upon learning that his mother-in-law was gravely ill and then being faced with the woman's subsequent death and burial on the day the certificate was due for filing. It is not inconceivable that an attorney under these circumstances would keep his case obligations compartmentalized in his mind and, despite the tremendous distraction of a death in the family, would take some steps to ensure either that the certificate was prepared and filed in a timely fashion or that an extension to do the same was secured by another lawyer in his office. Nevertheless, while acknowledging the above, and based upon human experience, we cannot assert that the opposite premise is true. That is, we are not prepared to assert that an attorney who forgets that the certificate was due or who fails to take the above mentioned actions when faced with a family crisis like the one presented here is so derelict in his obligations that the oversight should not be excused.

¶ 14 The law requires only that the failure be accompanied by a reasonable explanation or a legitimate excuse. Keeping in mind that the opening of a judgment is an appeal to the equitable powers of the court, we do not believe our law is so cold-hearted as to demand vigilance of an attorney who experiences a death in the family or is so cold as to be unwilling to excuse failure under these circumstances. The purpose of requiring a certificate of merit is to help eliminate frivolous claims of professional negligence and, possibly, to help hasten the prosecution of the same. Another recognized purpose of the rule can be found in *Speicher v. Toshok*, 63 Pa. D. & C.4th 435, 443 (2003), where it was stated that "the purpose of these rules is to minimize the costs of defense and the time that a licensed professional must devote to the litigation until the plaintiff has been able to secure a certificate of merit." Under the circumstances of the present case, a delay of a week does little damage to either of these admittedly legitimate goals.

¶ 15 For the above reasons, we conclude that Appellants proffered a reasonable excuse for the failure to file the Rule 1042.3 certificate of merit. As all three prongs of the applicable test were met, the court abused its discretion and/or erred in denying Appellants' Petition for Relief from Judgment of Non Pros.[4] Accordingly, we will reverse the order appealed from and

---

4. Since the trial court did not file an opinion in this matter, we are unable to discern whether the denial was based upon a conclusion that the proffered excuse was unreasonable or whether the court misapprehended the applicable law. Nevertheless, as we believe a conclusion by the trial court that counsel's excuse was unreasonable would constitute an abuse of discretion, we see no reason to remand the present case for the preparation of an opinion. Whether the denial was based upon a misapprehension of the applicable law or an assessment of the reasonableness of the proffered excuse, in our opinion, the denial of Appellants' petition was in error.

remand for proceedings consistent with this Opinion.

¶ 16 Order reversed. Jurisdiction relinquished.

¶ 17 Judge ORIE MELVIN files a dissenting opinion.

DISSENTING OPINION BY ORIE MELVIN, J.:

¶ 1 I am unable to agree with the Majority that the trial court abused its discretion in denying Appellants' petition for relief from judgment of *non pros.* Accordingly, I respectfully dissent.

¶ 2 The Majority aptly observes that this Court reviews such an order for an abuse of discretion. "The denial of a petition to open and/or strike judgment of non pros is subject to the abuse of discretion standard; an exercise of that discretion will not be reversed on appeal unless there is proof of manifest abuse thereof." *Hoover v. Davila,* 862 A.2d 591, 593 (Pa.Super.2004). The Rules of Civil Procedure provide the grounds which may form the basis for opening such a judgment:

**Rule 3051. Relief from Judgment of Non Pros**

\* \* \*

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action.

Pa.R.C.P. 3051(b), 42 Pa.C.S.A.

¶ 3 The Majority also perceptively notes that the "present case hinges upon whether or not there is a reasonable explanation or legitimate excuse for Appellants' failure to file the certificate of merit in timely fashion." Opinion at 864. Based on my review of the record, however, I cannot agree that the trial court committed a manifest abuse of discretion in failing to find such an excuse. In *Hoover,* we approved the reasoning of the Honorable Stanton R. Wettick, Jr., of the Allegheny County Court of Common Pleas in *Helfrick v. UPMC Shadyside Hospital,* 65 Pa.D. & C.4th 420, (2003), which addressed this prong in the context of Rule 1042.6:

Plaintiff's petition does not set forth a reasonable explanation or legitimate excuse for the inactivity (the inactivity being the failure of plaintiff's counsel to file within the 60–day period a certificate of merit or a motion to extend the time for filing the certificate). This will be so in almost every case in which a judgment of non pros is entered for failure to file a certificate of merit. The plaintiff who has a reasonable explanation or legitimate excuse for not being able to timely file a certificate of merit may, instead, file a motion to extend the time for filing the certificate on or before the filing date that the plaintiff seeks to extend.

*Hoover* at 595 n. 3.

¶ 4 The record reveals that Appellants' complaint sounding in legal malpractice was filed on October 23, 2003. Pursuant to Rule 1042.3, Appellants were required to file with the complaint, or not later than 60 days thereafter, a certificate of merit. Pa.R.C.P. 1042.3, 42 Pa.C.S.A. That Rule further provides that for "good cause shown" an extension for filing such a certificate may be granted by the trial court. *Id.* The 60–day period for filing a certificate of merit expired on December 22, 2003, and no motion seeking to extend the time for filing same had been presented or filed. Under these circumstances, the prothonotary properly entered judgment of *non pros* pursuant to Rule 1042.6.

¶ 5 I am not unsympathetic to counsel's predicament; yet it must be noted that on

December 18, 2003, a Thursday, the upcoming filing deadline was but a few days away, and the certificate of merit was not yet in hand.[5] This Court has consistently held that, pursuant to the express language of the applicable Rules, the failure to file either a certificate of merit or a petition seeking an extension of time to do so warrants denial of a petition to open judgment. *O'Hara v. Randall,* 2005 PA Super 242, 879 A.2d 240 (2005); *Yee v. Roberts,* 2005 PA Super 240, 878 A.2d 906 (2005); *Warner v. University of Pennsylvania Health System,* 874 A.2d 644 (Pa.Super.2005); *Parkway Corp. v. Margolis Edelstein,* 861 A.2d 264 (Pa.Super.2004); *Hoover, supra.* I have grave concerns over the Majority's decision to disregard the trial court's discretion over such matters, and thereby implicitly create a newly-carved out exception to the plain language of the Rules of Civil Procedure governing professional liability actions. Moreover, I believe that the Majority's reliance on *Harris v. Neuburger,* 2005 PA Super 228, 877 A.2d 1275 (2005), is misplaced.

¶ 6 In *Harris,* the appellants filed a medical malpractice action and provided to the defendants both an affidavit certifying the existence of expert reports and the expert reports themselves. The appellees failed, however, to file the requisite certificate of merit with the prothonotary. After judgment of *non pros* was entered, the appellees moved to open the judgment which the trial court granted. On appeal, this Court affirmed, finding that the purpose of Rule 1042.3 had been served and that the appellees reasonably believed their obligations had been met. *Id.* at ¶ 11. Significantly, we took note of our limited standard of review of the trial court's decision and found no abuse of its

discretion in **granting** the petition to open the judgment.

¶ 7 Instantly, there has been no suggestion that Appellants and/or their counsel "substantially complied" with the requirements of the applicable rules. Even more importantly, we are asked to review a decision of the trial court which **denied** such a petition. Once again, recognizing that the trial court is vested with the sound discretion to determine whether removal of a judgment of *non pros* is warranted under the facts presented, and based on our limited standard of review, I would affirm its order.

¶ 8 For all of these reasons, I respectfully dissent.

---

**5.** *See* N.T. Argument, 4/21/04, at 4, where counsel stipulated to the facts asserted in the Affidavits executed by counsel for Appellants on December 20, 2003, and January 2, 2004.

According to his Affidavit, counsel for Appellants intended to file the certificate of merit on the last possible day, Monday, December 22, 2003.