J-A31015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS J. RENZ, D.O., RAYMOND D. DRAGANN, D.O., AND THE LANCASTER ORTHOPEDIC GROUP | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| JOSE INGLES AND EVELYN INGLES | |
| | No. 952 MDA 2015 |

Appeal from the Order February 18, 2015
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-14-05653

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 12, 2016**

Appellants, Thomas J. Renz, D.O., Raymond D. Dragann, D.O., and the Lancaster Orthopedic Group ("the Doctors"), appeal from the order opening the judgment of *non pros* entered in favor of Jose Ingles and Evelyn Ingles, entered by the Honorable David L. Ashworth, Court of Common Pleas of Lancaster County. After careful review, we reverse and remand.

The relevant facts and procedural history are as follows. The Ingleses initiated a medical malpractice and loss of consortium action against the Doctors by filing a *pro se* writ of summons. The Ingleses later filed a *pro se* complaint. In the complaint, the Ingleses alleged that the Doctors were

---

[*] Retired Senior Judge assigned to the Superior Court.

negligent in providing care to Jose Ingles in connection with an abscess and deep wound infection following a right total hip replacement surgery.

The Doctors filed a notice of intention to enter judgment of *non pros* after the Ingleses failed to file certificates of merit as required by Pa.R.C.P. 1042.3. Thereafter, the Ingleses signed and filed separate certificates of merit; however, they failed to file a written statement from an appropriate licensed professional as required by Pa.R.C.P. 1042.3(e). Consequently, the Doctors filed a second notice of intention to enter judgment of *non pros*. The Ingleses subsequently re-filed their certificates of merit, but they yet again failed to attach a supportive written statement from an appropriate licensed professional. On December 2, 2014, the court entered a judgment of *non pros* against the Ingleses.

On December 9, 2014, the Ingleses filed a counseled petition to open judgment of *non pros*, claiming that their medical expert (Arnold L. Lentnek, M.D., F.A.C.P.) had completed a report dated October 2, 2014; however, the report was inadvertently omitted from the certificates of merit due to an "oversight" on behalf of counsel. Petition to Open Judgment of *Non Pros*, 12/9/14, at ¶¶ 25, 34. In support of the Ingleses' petition, April L. Strang-Kutay, Esquire submitted an affidavit attached to the reply brief in which she explained the factual basis underlying the alleged "attorney oversight." April L. Strang-Kutay, Esq. Affidavit, Attachment "A" of Plaintiffs' Reply Brief, 1/6/15. Attorney Strang-Kutay signed and submitted new certificates of

merit on behalf of the Ingleses. Following a hearing, the court entered an order granting the Ingleses' petition to open judgment of *non pros*.

The Doctors subsequently filed a timely application to amend the interlocutory order. Because the court did not rule on the Doctors' application within thirty days, it was deemed denied. The Doctors then filed a timely petition for review with this Court. This Court granted the Doctors' petition for review, and this appeal followed.

A petition to open a judgment of *non pros* is addressed to the equitable powers of the court, and since it is a matter of equity and grace, appellate review of the decision is subject to an abuse of discretion standard. *See Almes v. Burket*, 881 A.2d 861, 863-864 (Pa. Super. 2005). "We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident." *Kruis v. McKenna*, 790 A.2d 322, 324 (Pa. Super. 2001) (citation omitted). We may overturn a trial court's decision "only if [it] reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Estate of Aranda v. Amrick*, 987 A.2d 727, 729 (Pa. Super. 2009) (citation omitted) (brackets in original).

The Doctors contend that the trial court erred in opening judgment because the Ingleses failed to satisfy the three-step test for relief from a judgment of *non pros* as provided in Pa.R.C.P. 3051. Specifically, the Doctors contend that the court erred "in determining that an alleged 'attorney oversight' or 'clerical error' was a reasonable and excusable

justification to open the … *non pros* judgment entered in this case against the unrepresented *pro se* plaintiffs." Appellants' Brief, at 11-12. The Doctors also contend that the court erred in determining that the Ingleses demonstrated a meritorious cause of action.[1] ***See id***., 29-32.

Pennsylvania Rule of Civil Procedure 3051 provides:

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

Pa.R.C.P. 3051.

The Ingleses argue that they have successfully fulfilled the requirements of Rule 3051. Although the Ingleses were *pro se* petitioners at the time the judgment of *non pros* was entered, they argue that they were at all relevant times, "essentially represented by counsel." Appellee's Brief, at 16. They maintain that the trial court properly opened the *non pros* judgment on the basis that "attorney oversight" was a reasonable

_____

[1] There appears to be no dispute that the first prong of the test – timely filing – was satisfied. The Ingleses filed their petition to open the judgment just seven days after the judgment of *non pros* was entered.

explanation or legitimate excuse for their failure to file a written statement pursuant to Rule 1042.3(e). *Id*.

In *Almes*, this Court considered an appeal from a denial of a petition to open a *non pros* judgment where appellants' counsel failed to timely file the required certificate of merit. *See* 881 A.2d at 862. We held that the failure of appellants' counsel to file a certificate of merit was reasonably excused where counsel's mother-in-law died four days before the filing deadline. *See id*., at 866. In fashioning our ruling, we noted "errors of counsel which indicate an oversight rather than a deliberate decision not to defend, … constitute sufficient legal justification to open a default judgment." *Id*., at 865 (citation omitted).

In the present case, the trial court found that the Ingleses' excuse was reasonable on the basis that it was in line with the standards set forth in *Almes*. *See* Trial Court Opinion, 5/15/15, at 15. We disagree. The present case is easily distinguishable from *Almes*. Unlike the plaintiffs in *Almes*, the Ingleses were not represented by counsel at the time the judgment of *non pros* was entered. Thus, the Ingleses were subject to the procedural rules regarding *pro se* plaintiffs. *See* Pa.R.C.P. 1042.3(e). As such, the Ingleses' failure to comply with Rule 1042.3(e) cannot be excused based on an

alleged "attorney oversight."[2] "[A]ny person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citation omitted).

Because the Ingleses failed to offer a reasonable excuse for their failure to timely file the required statement, we hold that the trial court erred in opening the judgment.[3] Accordingly, we reverse the order and remand for proceedings consistent with this memorandum.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016

_____

[2] Because we rule that the trial court erred in concluding that the second prong of the test was satisfied, we need not consider whether the third prong – meritorious cause of action – was satisfied.

[3] We also conclude that no relief under Pa.R.C.P. 126 was warranted because the Ingleses' wholesale failure to file a timely written report as required under Rule 1042.3(e) does not constitute substantial compliance. ***See Womer v. Hilliker***, 908 A.2d 269, 278 (Pa. 2006).