J-S51043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RENEE GAMMACHE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHELLE SHEN, M.D., JOSEPH | : | No. 776 MDA 2020 |
| SERLETTI, M.D., AND PENN | : | |
| MEDICINE LANCASTER GENERAL | : | |
| HOSPITAL | : | |

Appeal from the Order Entered April 20, 2020
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-19-03929

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:　　　　　**FILED FEBRUARY 09, 2021**

In this medical malpractice matter, Renee Gammache (Appellant) appeals from the order entered in the Lancaster County Court of Common Pleas, which: (1) denied her petition to open the judgment of *non pros* entered against her; and (2) entered judgment in favor of the defendants, Michelle Shen, M.D., Joseph Serletti, M.D., and Penn Medicine Lancaster General Hospital (collectively, Appellees).[1]  Appellant argues the trial court erred in finding she filed an untimely petition to open without a reasonable explanation.  After careful review, we reverse.

---

[1] "Any appeal related to a judgment of *non pros* lies not from the judgment itself, but from the denial of a petition to open or strike."  **Madrid v. Alpine Mt. Corp.**, 24 A.3d 380, 382 (Pa. Super. 2011).

We glean the following factual allegations from Appellant's filings. On April 28, 2017, Appellant underwent a prophylactic bilateral mastectomy performed by defendant Dr. Shen at defendant Lancaster General Hospital. Appellant's Proposed Complaint at 6 (Exh. C to Appellant's Petition to Open Judgment of *Non Pros* (Petition to Open), 8/20/19, at 3 (unpaginated)).[2] On the same day, she also underwent bilateral reconstructive surgery of her breasts, performed by defendant Dr. Serletti. Dr. Serletti subsequently "performed revision surgeries on [Appellant's] breast implants," on September 14, 2017, and January 26, 2018. Appellant's Proposed Complaint at 6. Due to Appellees' alleged negligence, "the mastectomies, breast implants and/or revision surgeries were not effective," and Appellant suffered pain, disfigurement, and both economic and non-economic damages. *Id.* at 6-8.

Appellant commenced the instant action by filing a *pro se* writ of summons on April 26, 2019. Appellees were served on May 17, 2019. Sheriff's Return of Service, 5/20/19. Represented by the same counsel, they filed and served a joint "rule to file complaint" on May 22nd, which requested

---

[2] Appellant did not file a complaint in the trial court, but rather, as we discuss **infra**, attached a proposed complaint as an exhibit to her petition open the judgment of *non pros*.

Furthermore, we note Appellant's *pro se* praecipe for writ of summons identified — and thus the caption reflects — the defendant hospital as "Penn Medicine Lancaster General Hospital." Appellant's proposed complaint referred to the hospital simply as "Lancaster General Hospital."

a rule for Appellant "to file a Complaint within twenty (20) days . . . or suffer a judgment of *non pros*."[3] Appellees' Rule to File Complaint, 5/22/19. Appellant did not file a complaint and, accordingly, on June 19th Appellees filed a notice of intent to file a *praecipe* for entry of judgment pursuant to Pa.R.C.P. 237.1.[4] "Having no response from [Appellant] by the deadline of July 1, 2019, the Prothonotary issued a Notice of Judgment of Non Pros on July 2, 2019." Trial Ct. Op. at 2.

Forty-nine days later, on August 20, 2019, Appellant filed a counseled petition to open the judgment of *non pros*, along with a brief. The petition averred:

> 13. During the pendency of the Non Pros grace period, [Appellant] discovered that a Certificate of Merit had to be file[d] with her Complaint. See Pa.R.C.P. 1042.3.
>
> 14. [Appellant] was unable to timely file a Complaint, as she had neither the mean[s] nor the knowledge to have the matter reviewed by a medical expert [in order to prepare a] Certificate of Merit.

---

[3] Appellees' answer to Appellant's petition to open, as well as their brief on appeal, mistakenly claim that their rule to file a complaint advised Appellant "to file a [C]omplaint within **10** days." Appellee's Answer to Appellant's Petition to Open Judgment of Non Pros (Appellee's Answer), 9/11/19, at 2 (unpaginated) (emphasis added); Appellees' Brief at 3. Instead, the rule to file complaint states the time period as "twenty (20) days." Appellees' Rule to File Complaint.

[4] ***See*** Pa.R.C.P. 237.1(a)(2)(i) ("No judgment of non pros for failure to file a complaint . . . shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered . . . after the failure to file a complaint and at least ten days prior to the date of the filing of the praecipe to the party's attorney of record or to the party if unrepresented[.])"

15.     After receiving the Notice of Entry of Non-Pros, [Appellant] retained the services of the undersigned [counsel].

16.     [Counsel then] worked diligently to locate a qualified physician expert . . . and obtain an opinion on liability.

17.     [Appellant] has now secured the required opinion, from a qualified cancer specialist and reconstructive surgeon . . . .

18.     [Appellant] is now able to file her Complaint . . . along with its required Certificates of Merit.

Appellant's Petition to Open at 2-3.  Appellant thus concluded she "alleged facts showing that her Petition to Open Judgment of Non Pros is timely filed, there is a reasonable explanation for her alleged inactivity and [she] has a meritorious cause of action." *Id.* at 3.  Appellant attached to her petition to open a proposed complaint and certificates of merit.

On September 11, 2019, in compliance with a rule by the trial court, Appellees filed an answer to Appellant's petition to open.  Appellees averred that the petition to open, filed 49 days after entry of judgment of *non pros*, was untimely, and they pointed out that a certificate of merit is not required to be filed concomitantly with a complaint.  On October 29th, Appellees filed a praecipe to list this matter for oral argument.  This filing, however, "was not forwarded to the [trial judge] for attention until March 11, 2020."[5]  Trial Ct. Op. at 2 n.1.

_____

[5] The trial court further noted the trial court's prothonotary "provided no explanation for the delay."  Trial Ct. Op. at 2 n.1.

Almost eight months after Appellant filed the petition to open, the trial court heard oral argument on April 17, 2020 — *via* telephone, due to the Covid-19 pandemic. No recording or transcription was made of this argument. Trial Ct. Op. at 2 n.2; Appellant's Brief at 11 n.1. Nevertheless, the parties agree Appellant argued[6] that around the time of Appellees' notice of intent to file praecipe for entry of judgment *non pros*, Appellant "was dealing with some grave health crises[, including] ongoing treatment for the cancer, along comorbidities of serious stomach and intestinal problems, [which] required hospitalizations and numerous doctors' visits." Appellant's Brief at 11, 19. *See* Appellees' Brief at 6 ("During oral argument, [Appellant's] counsel raised for the first time, that [Appellant's] cancer and resulting treatment prevented her from timely filing a complaint.").

On April 20, 2020, the trial court issued the underlying order denying Appellant's petition to open the judgment of *non pros*, and entering judgment in favor of Appellees. Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents three related issues for our review:

[1.] Whether, in addressing the issue of Appellant's underlying act of failing to timely file a complaint, the Honorable trial court abused its discretion and/or erred as a matter of law by failing to accept as reasonable Appellant's explanations for this conduct that

---

[6] According to Appellant, only the trial court and attorneys participated in argument. Appellant's Brief at 11 n.1.

led to the entry of non pros and for failing to determine whether equitable considerations existed that would allow for the court to excuse Appellant's error?

[2.] Whether the Honorable trial court abused its discretion or erred as a matter of law when it decided that Appellant failed to timely file her petition to open non pros, when appellant, after finally [receiving] the notice of the entry of the non pros judgment, swiftly obtained counsel and when her counsel was then not dilatory in their effort to have the matter reviewed to determine whether Appellant had a meritorious claim, before taken [sic] on the expense of the litigation and filing the petition to open the non pros judgment?

[3.] Whether the Honorable trial court abused its discretion or erred as a matter of law in its decision not to address Appellant's equity argument that Appellant should not be denied her day in court, when the very essence of an appeal from a denial of a petition to open judgment of non pros is one that speaks to the conscience of the court and where it would be an [sic] unequivocally unjust not to permit Appellant to litigate her meritorious claim?

Appellant's Brief at 7-8.

We address together Appellant's three issues, as they all address whether the trial court erred in denying her petition to open the judgment of *non pros*. First, Appellant avers that in finding her "explanations" were not a reasonable excuse for not filing a complaint, the court failed to consider equitable factors. Appellant's Brief at 15. A *pro se* litigant may be given "leeway," and here, Appellant was unfamiliar "with the complexities of a professional negligence claim." *Id.* at 17, 19. Appellant asserts: "[A]fter being informed by . . . one of her treating physicians that" she may have an actionable claim against Appellees, "and after also being told that she had little time left . . . to file something," she filed a *pro se* writ of summons on

- 6 -

April 26, 2019. *Id.* at 10. Additionally, around the time she received Appellees' notice of intent to file praecipe for entry of judgment of *non pros* and notice of the entry of judgment of *non pros* itself, Appellant "was dealing with . . . grave health crises[,]" including cancer treatment and "serious stomach and intestinal problems, [which] required hospitalizations and numerous doctors' visits." *Id.* at 19. Appellant maintains her delay was not due to "any dilatory tactics." *Id.* at 21. She sought "legal counsel as soon as possible after receiving the Entry of Non Pros notice and [her attorney] became involved in her case but this was not until . . . more than three weeks had passed since the Judgment of Non Pros [was] entered." *Id.* at 19-20, 27. Appellant contends the court should have found "her efforts constituted a sufficient attempt to comply with the rules." *Id.* at 22. Appellant alleges Appellees would suffer no prejudice if judgment of *non pros* were opened, as less than three months passed between their first notice of Appellant's claims and Appellant's petition to open, and "in the grand scope of a lengthy [medical negligence] litigation . . . this amount of time . . . is in no way significant to . . . Appellees' ability to develop their defense." *Id.* at 20, 23, 27. After careful review, we determine Appellant is entitled to relief.

A trial court's ruling on a petition to open a judgment of *non pros* "is reviewed on appeal for an abuse of discretion. This means that the trial court's decision will be overturned only if reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly

erroneous." ***Womer v. Hilliker***, 908 A.2d 269, 279 (Pa. 2006) (citations omitted).

"Relief from a judgment of *non pros* shall be sought by petition." Pa.R.C.P. 3051(a). If such a petition is filed within ten days of the entry of judgment of *non pros* and "states a meritorious cause of action," "the court shall open the judgment." Pa.R.C.P. 237.3(b)(1). However, the comment to Rule 237.3 provides, if a petition is filed more than ten days after judgment, the petition is subject to the analysis set forth in ***Schultz v. Erie Insurance Exchange***, 477 A.2d 471 (Pa. 1984):

> A petition to open a judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. The court will only exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be excused.

***See Schultz***, 477 A.2d at 472; ***see also*** Pa.R.C.P. 237.3(b)(1), *comment*.

With respect to the first prong — whether a petition is "promptly filed" — this Court has "held that unexplained delays of 37, 41, and 47 days render a petition to open untimely." ***Madrid***, 24 A.3d at 383 (collecting cases). A "failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying judgment of non pros." ***Id.*** at 382. "Where a party fails to provide a reasonable excuse for the delay in prosecution of the underlying claim, a petition to open is properly denied." ***Id.*** at 384. An alleged "ignorance of procedural rules does not justify or provide a reasonable explanation for failure to comply." ***Id.*** at 383.

Additionally, we note the trial court referred to Pa.R.C.P. 1042.3, which provides the following:

> (a)  In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint **or within sixty days after the filing of the complaint**, a certificate of merit . . . .
>
> \* \* \*
>
> (d)  The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days.  . . .

*See* Pa.R.C.P. 1042.3(a) (emphasis added).

We further note this Court has stated:

> Years ago, the appellate courts, if not the trial courts, of this Commonwealth were fairly loathe to put a litigant out of court for missing a filing deadline due to lawyer oversight.  The following passage reflected the prevailing point-of-view, "while, generally speaking, a litigant is bound by the actions or inactions of his counsel, there is authority for the proposition that when a plaintiff places his case in the hands of reputable counsel he will not be turned out of court if the delay complained of was almost entirely on account of neglect or oversight of his counsel."  *Manson v. First Nat'l Bank*, . . . 77 A.2d 399 (Pa. 1951).  Thus, in *Moyer v. Americana Mobile Homes, Inc.*, . . . 368 A.2d 802 (Pa. Super. 1976), this Court seemingly adhered to the above philosophy and excused the failure to file a timely answer to a complaint when the delay was caused, in part, by the misplacing of the file in an attorney's office.

*Almes v. Burket*, 881 A.2d 861, 864-65 (Pa. Super. 2005).

> The purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation.

***Almes***, 881 A.2d at 865, *quoting **Moyer***, 368 A.2d at 804-05.

In the case *sub judice*, the trial court considered, but rejected, the arguments advanced by Appellant. It provided the following reasoning: as Appellant was initially proceeding *pro se*, she was "entitled to liberal construction of [her] filings." Trial Ct. Op. at 7, *citing **Branch Banking & Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006) ("While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, [she] is not entitled to any particular advantage because she lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.") (citation omitted). However, Appellant's lack of familiarity of the law was not "a wholesale excuse" for her failings: "A layperson can recognize that filing a medical negligence claim will require specialized knowledge of both legal and medical procedures," and Appellant "should have anticipated that legal representation would be prudent if not required to protect her claims." Trial Ct. Op. at 7. The trial court emphasized Appellant should have recognized she required legal representation when she filed the writ of summons or when she received Appellees' rule to file a complaint. ***Id.*** However, Appellant waited until she received the notice of judgment of *non pros* before seeking counsel. ***Id.***

The trial court also considered that Appellant's petition to open was filed 49 days after the entry of judgment *non pros*. Trial Ct. Op. at 5. Where Appellant did not raise any claim of improper notice, "the record shows [she] received adequate and timely notice of all filings leading up to and including the Notification of Judgment of Non Pros." *Id.* at 5 & n.4. The court rejected the claim of Appellant's counsel's that they required 49 days' "time 'to locate a qualified physician expert, to obtain records and . . . obtain an opinion on liability' in order to prepare a certificate of merit to accompany the Complaint." *Id.* at 5. The court pointed out Pa.R.C.P. 1042.3 does not require a certificate of merit to be filed simultaneously with a complaint, but instead, a party may file a certificate of merit within 60 days of a complaint and may petition for yet additional time. Trial Ct. Op. at 6, *citing* Pa.R.C.P. 1042.3(a), (d). The trial court thus concluded Appellant's "reliance on this perceived need for more time is both erroneous and unreasonable." Trial Ct. Op. at 6.

After careful review of the record, the parties' trial court filings, the trial court opinion, and the briefs on appeal, we determine the trial court abused its discretion in denying Appellant's petition open the judgment of *non pros*. Although this Court has found "**unexplained** delays of 37, 41, and 47 days render a petition to open untimely," the trial court did not find Appellant failed to present an explanation. *See Madrid*, 24 A.3d at 383 (emphasis added). Instead, the court rejected the explanation advanced by Appellant — that she

- 11 -

was initially proceeding *pro se* and lacked the expertise to file the required legal documents.

The trial court's opinion does not address — nor does it refute — Appellant's claim that, around the time she received Appellees' notice of intent to file a praecipe for entry of judgment of *non pros*, she was hospitalized and suffering health issues, which delayed her attempts to secure counsel. We note Appellees claim this discrete argument is waived because Appellant did not raise it in her petition to open, and instead presented it for the first time at oral argument. Appellees' Brief at 13, *citing* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). We decline to find waiver, as Appellant did present this issue for the trial court's consideration.

We also note the trial court and Appellees properly point out that, contrary to Appellant's claim, she was not required to file a certificate of merit simultaneously with her complaint. **See** Pa.R.C.P. 1042.3(a). Appellant does not dispute nor address this point in her brief. Nevertheless, we consider the discussion in **Almes**, that courts may be "loathe to put a litigant out of court for missing a deadline due to lawyer oversight." **See Almes**, 881 A.2d at 864. We further observe the trial court did not consider the following. Where Appellant's proposed complaint avers she underwent surgery on April 28, 2017, September 14, 2017, and January 26, 2018, her April 26, 2019, writ of summons was filed well within the two-year statute of limitations for a medical

malpractice action.  *See* 42 Pa.C.S. § 5524(2) (action to recover damages for injuries to the person caused by the wrongful act or neglect or negligence of another must be commenced within two years).  Appellees were served with the writ of summons on May 17, 2020, and 46 days later, judgment of *non pros* was entered on July 2nd.  As Appellant points out, by the time she filed her August 20th petition to open, only three months and three days had passed since Appellees first learned of her claim.  *See* Appellant's Brief at 20. The parties agree that no discovery has been conducted, nor any further litigation undertaken than what we have summarized above.  Indeed, at the time of Appellant's petition to open filing, the statute of limitations still had not run on her claims.

After considering all of the foregoing, we conclude the trial court abused its discretion in finding Appellant's petition to open was not promptly filed and that her delay was not "reasonably explained or excused."  *See Schultz*, 477 A.2d at 472.  Appellees have not alleged any prejudice they will suffer by Appellants' failure, under the particular circumstances presented in this matter, to file a complaint by June 11, 2019 (the date set by the terms of their rule to file complaint).  We determine, again under the particular facts presented, that Appellant should not be put out of court on the basis of the record presented.[7]  Moreover, we note that the delay in responding was

---

[7] We emphasize we offer no opinion on the merits of Appellant's cause of action.

- 13 -

occasioned by Appellant's medical condition and not to gain any tactical advantage.

Accordingly, we reverse the order of the trial court denying Appellant's petition to open the judgment of *non pros*.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021