548 A.2d 628

**Daniel K. WOLFE**

v.

**Michael STOVER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 30, 1988.

Filed Oct. 7, 1988.

314

Lisle A. Zehner, III, Pittsburgh, for appellant.

J. Bradley Kearns, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and ROWLEY and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal by defendant Michael Stover from a December 21, 1987 Order awarding delay damages, pursuant to Pa.R.C.P. 238, to appellee Daniel K. Wolfe in a personal injury action.

On June 7, 1985, appellee commenced this action for injuries he received in a one car accident on November 10, 1984 while a passenger in a vehicle driven by appellant. A two day non-jury trial was held on October 13, 1987. By Order dated October 27, 1987, the trial judge found for the plaintiff in the amount of $3,600. The trial court's decision was filed in the prothonotary's office on October 28, 1987 and entered on the prothonotary's docket on Thursday, October 29, 1987. However, the docket does not indicate that notice of the Order was given to appellee as required

by Pa.R.C.P. 236. On November 4, 1987, appellee presented a petition for award of delay damages to the trial court. Appellant filed an answer to the petition and a motion to quash on November 12, 1987. Subsequently, appellee presented a supplemental petition for delay damages which appellant answered. On December 21, 1987, the trial court denied appellant's motion to quash and awarded delay damages in the amount of $420, resulting in a total judgment of $4,020, plus court costs. This timely appeal followed.

Appellant's sole claim on appeal is that appellee's petition for delay damages under Pa.R.C.P. 238 was untimely because it was presented more than five (5) days after the trial court's judgment in favor of appellee.

Rule 238 allows for the calculation of delay damages in any action seeking relief for bodily injury, death, or property damage. An award of delay damages acts to compensate the plaintiff for the time elapsed from the filing of the case until the verdict if the defendant fails to offer an adequate settlement.[1] The purpose of the rule is to provide

---

1. Pa.R.C.P. 238, **Award of Damages for Delay in an Action for Bodily Injury, Death or Property Damage** (in pertinent part):

   (a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.1010 et seq., shall

   (1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

   (2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

   . . . .

   (e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not

a sanction against a defendant who delays the commencement of trial. *Laudenberger v. Port Authority*, 496 Pa. 52, 436 A.2d 147 (1981). However, in 1986, the Supreme Court suspended certain provisions of Rule 238 because it found that the award of delay damages to a winning plaintiff without a finding of fault denied due process to the losing defendant. *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 65, 515 A.2d 1350, 1355 (1986). In *Craig*, the Court established a new procedure for assessing delay damages as follows:

> [C]laims for delay damages are to be presented by petition *within five days of a jury verdict or arbitration award.* Within five days thereafter the respondent's answer shall be due. If the plaintiff's recovery resulted from a jury verdict, the judge who presided over the trial is to consider the petition and answer. Prior to reaching a decision, the judge may hold a hearing to resolve any factual disputes. If the plaintiff's recovery resulted from an arbitration proceeding, the parties' petition and answer shall be submitted to the next available arbitration panel, and a hearing shall be conducted to resolve any factual disputes. Thereafter a decision shall be rendered, awarding or denying delay damages consistent with Pa.R.Civ.P. 238(a)(1).
>
> In making a decision on a plaintiff's entitlement to delay damages the mere length of time between the starting date and the verdict is not to be the sole criterion. The fact finder shall consider: the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors.

*Id.*, 512 Pa. at 65, 515 A.2d at 1353 (emphasis added; footnote omitted). The Court specified this new procedure would be given prospective application from the date of its opinion in *Craig*, until such time that a new rule on delay

award damages for delay for the period after the date the offer was made.

damages can be promulgated by the Civil Procedural Rules Committee.

■ We are presented with the problem of applying the mechanical aspect, i.e. the five-day period, of the procedure set forth in *Craig* to a non-jury trial decision. The Supreme Court's language in *Craig* discusses application of the new procedure for delay damages in terms of a jury case or an arbitration proceeding without addressing a non-jury trial situation. *Craig* itself was a jury trial case. However, in suspending provisions of Rule 238 the *Craig* Court stated the suspension was effective "for *all* cases now pending in the courts of this Commonwealth, and for *any* cases instituted hereafter," *Id.*, 512 Pa. at 65, 515 A.2d at 1353 (emphasis added), indicating the new procedure promulgated in *Craig* applies to all types of cases, including non-jury.

*Craig* requires a Rule 238 petition for delay damages be presented within five days of a jury verdict or arbitration award. Such decisions are invariably rendered on the last day of the proceedings before the jury or the board of arbitration, making the date of the decision readily known to the parties. With this in mind, calculation of the five-day period for presenting a petition for delay damages is relatively routine. As provided in 1 Pa.C.S. § 1910 and Pa.R. C.P. 106, any period of time shall be computed to exclude the first and include the last day of the period, and when the last day of any period falls on Saturday, Sunday, or a legal holiday such day shall be omitted from the computation.

■ In a non-jury trial, a trial judge may render his decision in open court at the end of trial or within seven days after the conclusion of trial, unless the case was protracted or of extraordinary complexity, under which circumstances a longer period may be allowable. Pennsylvania Rule of Civil Procedure 1038(c) provides as follows:

(c) the decision may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or

it may be made thereafter in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing. The trial judge shall render his decision within seven (7) days after the conclusion of the trial except in protracted cases or cases of extraordinary complexity.

As stated in Rule 1038(c), upon the trial judge's filing of the decision with the prothonotary, the prothonotary shall notify the parties of the filing date. Likewise, Pa.R.C.P. 236 requires the prothonotary to give written notice by ordinary mail to the parties of the entry of any order or judgment and requires the prothonotary to note the giving of notice on the docket.[2]

Here, the trial judge's Order entering judgment in favor of appellee is dated Tuesday, October 27, 1987, filed in the prothonotary's office on Wednesday, October 28, 1987, and entered on the docket on Thursday, October 29, 1987. Neither the docket nor the record indicates whether notice of the decision was ever sent to appellee. Appellee claims he received notice of the trial court's decision on October 29, 1987, the same day it was entered on the prothonotary's docket. Appellant's brief does not dispute this claim. In calculating a five-day period from October 29, 1987, the first day of October 29th is omitted and the fifth day of Tuesday, November 3, 1987 is included. However, because November 3, 1987 was Election Day, a legal holiday on which the prothonotary's office was closed, it must be omitted from the calculation pursuant to Pa.R.C.P. 106 and 1 Pa.C.S. § 1908, making Wednesday, November 4, 1987 the final day for a timely presentation of a petition for delay

2. Pa.R.C.P. 236, **Notice by Prothonotary of Entry of Order, Decree of Judgment** (in pertinent part):
   (a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment:
   . . . .
   (2) In all other cases, to each party who has appeared in the action or to the party's attorney of record.
   (b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

damages. Appellee's petition was presented to the trial court on November 4, 1987 and is, therefore, timely.

In determining the petition was timely, the trial court concluded *Craig* does not apply to non-jury decisions and if it were to apply, the directive in *Craig* of five days would mean five "business days and not five actual days" (Slip Op., Smith, J., 1/26/88, p. 4). Employing this "business day" approach, the trial court concluded the fifth day from Tuesday, October 27, 1987—the day the court executed its decision in favor of appellee—was November 4, 1987. The court did this by omitting from calculation the weekend of Saturday, October 30th and Sunday, October 31st, as well as the legal holiday of November 3rd. We do not agree with the trial court's determination that *Craig* did not contemplate a non-jury situation, and we also disagree with its approach and conclusion as to computation of time, as has been indicated above.

To reiterate, the computation of time is clearly controlled by Pa.R.C.P. 106 and 1 Pa.C.S. § 1908, neither of which mention the concept of "business day" in formulating the method of time computation. The only time a Saturday or Sunday is omitted from the calculation of time is when it is the last day of the time period.

As we stated earlier, the Supreme Court's directives regarding Rule 238 in *Craig* apply to all cases. *Craig supra*, 512 Pa. at 65, 515 A.2d at 1353. While formulating the procedure for presentation of claims for delay damages, *Craig* did not address a non-jury situation, Pa.R.C.P. 126 dictates that the rules are to be liberally construed to secure a just determination and the Court intended that *Craig* remedy the "inequitable operation" of Rule 238. *Id.* By imposing the five-day period directed in *Craig* without taking into account the normal delay in notice of a trial court's decision in a non-jury case, we would violate *Craig's* attempt to provide a forum to assess fault for the delay pursuant to Rule 238. To extend *Craig* to a non-jury situation, notice is essential for commencing the five-day period for presenting a petition for delay damages. In a

jury trial, actual notice is given at the time of verdict. In a non-jury trial, actual notice likewise may be given at the time of verdict, but in those cases such as the present one, when the decision is delayed, notice must be ascertained from some specified point of record, which is the time the prothonotary sends notice of the entry of the award. Accordingly, we hold that commencement of the five-day period for presenting a petition for delay damages in a non-jury case begins only when the prothonotary formally sends notice of the trial court's award, unless the award was made in open court immediately following trial.

This is in accord with the procedural rules' treatment of non-jury trials in other respects. For example, Pa.R.C.P. 227.1(c)(2) provides: "[p]ost-trial motions shall be filed within ten days after . . . notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial." Thus, the ten-day period for seeking post-trial relief commences only when the prothonotary formally sends notice of the nonsuit, decision or adjudication to the parties. *McCormick v. Blue Cross of Western Pennsylvania*, 360 Pa.Super. 210, 520 A.2d 59 (1987).

In this case, the docket and record do not indicate if, or when, the prothonotary sent the required Rule 1038(c) and Rule 236 notice of the trial court's decision to the parties. We find this to be of no consequence here. The prothonotary entered the trial court's Order on the docket on October 29, 1987. This was the earliest possible date on which the prothonotary could have given the required notice which would trigger the five-day period. Appellee admits to receiving notice on that day and, as previously illustrated, presentation of the petition on November 4, 1987 was within five days of that date. Appellee therefore filed a timely petition for delay damages.[3]

Accordingly, Order affirmed.

**3.** Appellate courts may affirm the decision of the trial court by reasoning different than that used by the lower court. *Gerace v. Holmes Protection of Philadelphia*, 357 Pa.Super. 467, 516 A.2d 354 (1986), *allocatur denied*, 515 Pa. 580, 527 A.2d 541 (1987); *Emerick v. Carson*, 325 Pa.Super. 308, 472 A.2d 1133 (1984).