**Pasquale SCARAMUZZA, Plaintiff,**

v.

**Anthony J. SCIOLLA, Jr. and Jaffe, Friedman, Schuman, Sciolla & Applebaum, P.C., Defendants.**

**Civil Action No. 04–CV–1270.**

United States District Court, E.D. Pennsylvania.

Nov. 23, 2004.

Edward E. Kopko, Attorney at Law, Ithaca, NY, for Plaintiff.

Jeffrey B. Mccarron, Swartz Campbell & Detweiler, Philadelphia, PA, for Defendant.

### MEMORANDUM

BAYLSON, District Judge.

Pasquale Scaramuzza ("plaintiff") filed the pending complaint on March 24, 2004 (Doc. No. 1). Plaintiff brings one count of legal malpractice against Anthony J. Sciolla, Jr., Esquire and two counts (legal malpractice and respondeat superior) against the law firm of Jaffe, Friedman, Schuman, Sciolla & Applebaum, P.C. (with Mr. Sciolla, "defendants"). On June 8, 2004, defendants joined Personal Surplus Line Inc. as a third-party defendant (Doc. No. 6). On September 14, 2004 this Court dismissed the third-party complaint (Doc. No. 11) against Personal Surplus Line Inc.

Presently before the Court is defendants' Motion to Dismiss (Doc. No. 14). For the reasons set forth below, that Motion will be denied.

### I. Jurisdiction

The Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a resident of Florida. (Scaramuzza Compl. ¶ 1.) Defendants are residents of Pennsylvania. (*Id.* at 1.) The amount in controversy exceeds $75,000. (*Id.*) Venue is appropriate under 28 U.S.C. § 1391(a).

■ This diversity action is governed by substantive Pennsylvania state law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78–80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). When ascertaining Pennsylvania law, the decisions of the Pennsylvania Supreme Court are the authoritative source. *See State Farm Mut. Auto. Ins. Co. v. Coviello,* 233 F.3d 710, 713 (3d Cir.2000). If the Pennsylvania Supreme Court has not yet passed on an issue, then this Court will consider the pronouncements of the lower state courts. *See id.*

## II. Discussion

In the motion to dismiss presently before the Court, defendants assert that the complaint should be dismissed because the plaintiff failed to file a certificate of merit pursuant to Pennsylvania Rule of Civil Procedure 1042.3. Rule 1042.3 provides:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days

after the filing of the complaint, a certificate of merit signed by the attorney.[1] It is undisputed that plaintiff did not file a certificate of merit within sixty days of filing the complaint; indeed, plaintiff did not file a certificate of merit until plaintiff responded to the motion to dismiss on November 3, 2004.[2] In deciding the present motion, this Court must address two issues in turn: 1) whether the Pennsylvania certificate of merit rule is applicable in a federal court sitting in diversity; and 2) whether the application of the rule requires dismissal with prejudice of the pending complaint.

### A. Applicability in Federal Court of the Pennsylvania Certificate of Merit Rule

■ The Third Circuit recently took up a similar issue and concluded that the New Jersey affidavit of merit statute[3]—which is analogous to the Pennsylvania certificate of merit rule—and concluded that the statute does not collide with the Federal Rules of Civil Procedure and therefore must be applied as substantive state law by federal courts sitting in diversity. *Chamberlain v.*

---

1. The certificate of merit must state either: "(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." PA. R. CIV. P. 1042.3(a)(1)-(3) (2004).

2. The certificate of merit was attached as Exhibit 1 to plaintiff's Brief in Opposition to Motion to Dismiss (Doc. No. 16).

3. The New Jersey statute reads in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. N.J. Stat. § 2A:53A–27 (2004).

*Giampapa,* 210 F.3d 154, 158–61 (3d Cir. 2000) (analyzing the New Jersey affidavit of merit statute within the framework of *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965) and *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Affidavit of merit (or similar) statutes have been applied as substantive state law in numerous other federal courts as well. *See Chamberlain,* 210 F.3d at 160 n. 5. Our research has shown that neither the Third Circuit nor any court in this District has specifically addressed whether Pennsylvania's certificate of merit rule should likewise be applied.[4] However, the Pennsylvania rule is similar to the New Jersey statute in both its language and operation, and the *Hanna* analysis undertaken by the Third Circuit in *Chamberlain* should apply equally to the Pennsylvania rule.[5] Thus, for the purposes of the pending Motion to Dismiss, the Pennsylvania certificate of merit rule will be applied by this Court as controlling, substantive state law.

### B. The Effect of the Certificate of Merit Rule on Plaintiff's Complaint

 As noted above, it is undisputed that plaintiff did not file a certificate of merit with the Court within sixty days of filing the complaint, as is required by the Pennsylvania rule. Defendants argue that the plaintiff's failure to file a certificate of merit in a timely fashion compels dismissal of the complaint with prejudice. Although the Court believes the sixty-day time limit is binding on a plaintiff, the defendant in this case has not shown prejudice from the delay, and the Court will not dismiss the complaint.

Defendants correctly rely on *Chamberlain* as support for the proposition that the certificate of merit requirement is substantive law that must be applied by this Court (see *supra*). However, defendants err in their assertion that *Chamberlain,* as it applies to the Pennsylvania rule, demands that the complaint be dismissed with prejudice. Although the New Jersey and Pennsylvania rules are analytically the same in terms of the *Hanna* analysis, *supra,* they differ in one very important respect that relates to the present motion to dismiss: the consequences of non-compliance are very different under the New Jersey statute and the Pennsylvania rule.

Failure to comply with the New Jersey statute results in dismissal of the complaint with prejudice. *See Alan J. Cornblatt, P.A. v. Barow,* 153 N.J. 218, 708 A.2d 401, 413 (1998) ("[A] dismissal for failure to comply with the [affidavit of merit] statute should be with prejudice in all but exceptional circumstances."). In Pennsylvania, however, the prothonotary enters a

---

4. Judge Gibson of the Western District of Pennsylvania recently considered Pennsylvania's certificate of merit rule and concluded that it should be applied as substantive law in federal courts sitting in diversity. However, in that case the court declined to apply the rule retroactively to a cause of action that arose prior to the rule's adoption by the Pennsylvania Supreme Court. *Velazquez v. UPMC Bedford Memorial Hospital,* 328 F.Supp.2d 549 (W.D.Pa.2004).

5. Plaintiff concedes that "the Third Circuit would hold Pa. R.C.P. 1042.3 to be a substantive rule of law that should be applied by a district court sitting in diversity." Pl's Brief in Opposition to Motion to Dismiss, 5 (Doc. No. 16).

This Court also recognizes that *Chamberlain* involved medical malpractice rather than legal malpractice. However, both the New Jersey statute and the Pennsylvania Rule of Civil Procedure include doctors and lawyers among the licensed professionals who fall within the ambit of the statute/rule. *See* N.J. Stat. § 2A:53A–26 (2004) (defining "licensed person") and Pa. R. Civ. P. 1042.1 (2004) (defining "licensed professional").

judgment of non pros against a plaintiff when the certificate of merit is not filed within the required period of time. *Koken v. Lederman,* 840 A.2d 446, 448 (Pa. Comwlth.2003). Unlike dismissal with prejudice, the entry of judgment non pros is a default judgment that does not bar the plaintiff from commencing another suit upon the same cause of action. *See* Goodrich–Amram 2d 1037(a):7 (2003). Indeed, the Pennsylvania Rules of Civil Procedure expressly provide a mechanism for relief from a judgment of non pros in the form of Rule 3051 (entitled "Relief from Judgment of Non Pros"), which is similar to relief from default under Rule 55(c), F.R. Civ. P. Although such relief is not automatically granted upon application of the plaintiff, but requires the exercise of discretion by a judge, the availability of relief suggests that dismissal with prejudice is improper merely because a plaintiff fails to provide a certificate of merit within the designated sixty days.[6]

To obtain relief from the entry of judgment non pros under Rule 3051, the moving party must establish three factors: 1) the petition for relief must be filed promptly; 2) the failure to file a certificate of merit must be reasonably explained; and 3) the underlying cause of action must be meritorious. Pa. R. Civ. P. 3051(b)(1)-(3) (2004). The Court finds these criteria useful in determining whether plaintiff's complaint should be dismissed, in light of the fact that plaintiff has now supplied the requisite certificate of merit.

The first element of Rule 3051 requires that a petition for relief be filed promptly. This requirement is likely intended to spare defendants from prejudicial delay. Here, five months passed between the end of the sixty-day period and the filing of the certificate of merit by plaintiff. Because of the defendants' unsuccessful attempt to join a third party, discovery has just begun, and this Court finds that defendants have not shown they have been prejudiced by the delay. The second requirement of Rule 3051 is that a "reasonable explanation or legitimate excuse" attend the failure to file a certificate of merit. *Id.* Because the Third Circuit has not yet expressly determined that Pennsylvania Rule of Civil Procedure 1042.3 shall be applied as substantive law in diversity actions, this Court finds plaintiff's failure to either attach a certificate of merit to the original complaint, or to file it within sixty (60) days, to be excusable.[7]

If the Court were to consider whether plaintiff would be entitled to relief from a judgment of non pros entered pursuant to Pennsylvania Rule of Civil Procedure 1042.6–though not obligated to make such a determination in considering the motion to dismiss–the Court is satisfied that under Pennsylvania law the Court would grant relief. Although this Court could dismiss plaintiff's complaint without prejudice for failure to file a certificate of merit, now that plaintiff has filed a valid certificate of merit, dismissal without prejudice with leave to amend is unnecessary and would

---

**6.** The Pennsylvania Superior Court recently held that a judge may not dismiss a malpractice claim for failure to file a timely certificate of merit, as long as the certificate is filed before the defendant files a praecipe for judgment of non pros. *Moore v. John A. Luchsinger, P.C.,* 864 A.2d 631, 2004 WL 2601184 (Pa.Super. Nov. 17, 2004). The court in *Moore* also noted that even if the case had been dismissed for failure to file a certificate

of merit, the plaintiff would have been able to refile his claim if the statute of limitations had not yet expired. *Id.* at 864 A.2d at 634, 2004 WL 2601184, *3 n. 3.

**7.** Defendants do not challenge the adequacy of the expert opinion plaintiff has now supplied, or the merits of the underlying complaint, and therefore there is no need to address the third requirement of Rule 3051.

only require paper shuffling and undue delay.

## III. Conclusion

The Court concludes that plaintiff's failure to file a certificate of merit with the original complaint does not warrant dismissal with prejudice. Plaintiff has now filed a proper certificate of merit and defendants' Motion to Dismiss (Doc. No. 14) will be denied.

An appropriate Order follows.

### *ORDER*

AND NOW, this day of November, 2004, upon consideration of the Motion to Dismiss filed by Defendants Anthony J. Sciolla, Jr. and Jaffe, Friedman, Schuman, Sciolla & Applebaum, P.C. (Docket No. 14), it is hereby ORDERED that the Motion is DENIED.