**Doble v. Moses Taylor Hospital**

C.P. of Lackawanna County, no. 04 CV 2314.

*Judith Doble,* pro se.

*John Q. Durkin,* for defendant Moses Taylor Hospital.

*Patrick C. Carey,* for defendant Peters.

*Michael P. Perry* and *Christopher P. Caputo,* for defendant Community Medical Center/Health Care Systems.

NEALON, *J.,* March 17, 2006—After the health care defendants in this malpractice suit secured judgments of non pros based upon the plaintiffs' failure to file a timely certificate of merit in accordance with Pa.R.C.P. 1042.3, the plaintiffs' counsel filed a petition to open the judgments of non pros and a motion to extend the time for filing a certificate of merit, and thereafter withdrew as counsel for the plaintiffs. The record submitted by the parties reflects that the plaintiffs' former counsel neglected to file a certificate of merit even though the plaintiffs had obtained a favorable expert report prior to the filing of this lawsuit and had provided that report to their counsel. Since (1) the petition to open was promptly filed, (2) attorney neglect or error may constitute reasonable explanation or legitimate excuse for opening a judgment of non pros under Pa.R.C.P. 3051(b), and (3) plaintiffs' expert report indicates a prima facie case of malpractice, the petition to open the judgments of non pros will be granted with regard to the plaintiffs' malpractice claim against the defendant physician and their vicarious liability claims against the defendant hospitals. However, in light of the fact that the plaintiffs' expert report does not substantiate their corporate liability claims against

the defendant hospitals, the petition to open will be denied as to those separate claims.

## I. FACTUAL BACKGROUND

On July 23, 2004, Judith Doble filed a civil complaint against defendants Dr. William Peters, Moses Taylor Hospital (MTH) and Community Medical Center/Health Care Systems (CMC) alleging malpractice by Dr. Peters in the performance of gastric bypass surgery at MTH and negligent post-operative treatment by Dr. Peters at MTH and CMC. (See dkt. entry no. 10, ¶¶6-32.) In Counts I, II and III of the complaint, Doble alleges professional negligence by Dr. Peters and asserts that MTH and CMC are vicariously liable for Dr. Peters' actions based upon agency principles. (*Id.*, ¶¶36-40, 42-46, 46 (sic)-48.) Doble also avers independent causes of action against MTH and CMC for corporate negligence. (*Id.*, ¶¶50-54, 56-60.)

On August 23, 2004, Dr. Peters filed preliminary objections to the complaint, and Doble filed a response and brief in opposition to those preliminary objections on September 13, 2004. (*Id.*, dkt. entry nos. 16, 19.) However, Doble did not file a certificate of merit within 60 days of the filing of the complaint as required by Pa.R.C.P. 1042.3(a). On September 22, 2004, Dr. Peters and MTH both filed a "Praecipe for entry of judgment of non pros pursuant to Rule 1042.6" and secured judgments of non pros 61 days after the filing of the complaint. (*Id.*, nos. 21-22.) On September 23, 2004, MTH filed another "Praecipe for entry of judgment of non pros pursuant to Rule 1042.6" and the clerk of judicial records

entered a second judgment of non pros in favor of MTH at that time. (*Id.,* no. 24.) On that same date, CMC also filed a praecipe for entry of judgment of non pros under Pa.R.C.P. 1042.6 and obtained a judgment of non pros based upon Doble's failure to file a timely certificate of merit. (*Id.,* no. 25.)

Four days after the last judgment of non pros was entered, Doble's counsel, Domenick C. DiCicco Jr., Esquire, of Edelstein, Martin & Nelson filed a "Motion to extend time for filing certificate of merit" and a "Petition to open judgment of non pros" on September 27, 2004. (*Id.,* nos. 27-28.) Doble's counsel failed to file a praecipe for assignment with the court administrator in accordance with Lacka. Cty. R.C.P. 211, and, as a consequence, Doble's motion and petition were never assigned to a judge for disposition. More than six months later, Attorney DiCicco and the Edelstein law firm filed a petition on March 31, 2005, seeking to withdraw as Doble's counsel. (*Id.,* no. 35.) In the petition to withdraw, Doble's counsel averred that he was unable to secure a supporting expert opinion and that his surgical expert, Dr. Roberto Bergamaschi, had authored a report which concluded "that the defendants did not breach the standard of care." (*Id.,* ¶5.)

By order dated May 5, 2005, Judge Trish Corbett granted the petition to withdraw that had been presented by Attorney DiCicco and the Edelstein law firm.[1] (*Id.,*

---

1. Although the order granting the petition to withdraw was executed on May 5, 2005, it was not filed of record until August 12, 2005. (*Id.,* no. 40.)

no. 40.) Judge Corbett's order provided that all proceedings were to be "stayed for a period of 60 days to allow plaintiff/respondent to retain new counsel" and that all further "legal documents and notices" were to be served upon Doble c/o 213 Harding Avenue, Harding, Pennsylvania 18643. (*Id.*, p. 2.) Following the expiration of the 60-day stay, CMC filed a praecipe for assignment to have Doble's motion to extend and petition to open scheduled for oral argument. (*Id.*, no. 36.) Dr. Peters, MTH and CMC filed legal memoranda in opposition to Doble's motion and petition, and oral argument was conducted on December 12, 2005. (*Id.*, nos. 41-43.)

At the time of oral argument, Doble appeared pro se and produced the report of a surgical expert, James M. Balliro M.D., F.A.C.S., dated May 3, 2004, which had been provided to her original counsel, Hourigan Kluger & Quinn. Dr. Balliro is board certified by the American Board of Surgery and the American College of Surgeons and served as a clinical preceptor at Florida State University Medical School in 2004 and the University of New England in 2005.[2] (Dkt. entry no. 44, pp. 2-3.) In his report, Dr. Balliro states, inter alia:

"In my considered opinion, the issues in this case center on the prevention and management of marginal ulcer

---

2. For purposes of the instant motion and petition only, we will assume that Dr. Balliro satisfies the expert qualification criteria set forth in section 512(c) or (e) of the Medical Care Availability and Reduction of Error (MCARE) Act, 40 P.S. §1303.512(c), (e), and Pa.R.C.P. 1042.3(a)(1).

in a post-bariatric surgery patient. Deviations from the accepted standard of care included:

"(1) Failure to warn Ms. Doble not to use Ibuprofen or other ulcerogenic medications. This is particularly disturbing considering that Dr. Peters elects not to treat his patients prophlyactically with acid-suppressing medications.

"(2) Delay in diagnosis and treatment of marginal ulcer.

"Both deviations were direct and proximate causes of all the morbidity suffered by Ms. Doble. I believe I have previously provided literature to substantiate my opinions." (*Id.*, no. 45.)

During oral argument on Doble's petition and motion, Doble represented to the court that she had provided Dr. Balliro's report to Attorney DiCicco and that he was in possession of that report at the time that the certificate of merit deadline expired on September 22, 2004. (*Id.*, no. 46, pp. 2-4, 9, 19-20.) Doble also stated at oral argument that Attorney DiCicco first advised her of her need to retain another attorney to "file the certificate of merit" on October 5, 2004, when he forwarded correspondence to her. (*Id.*, pp. 7-9.)

In his petition to open the judgment of non pros, Attorney DiCicco avers that he "calculated the 60 days to be September 23, 2004, and not September 22, 2004" in reliance upon Pa.R.C.P. 106(a), which generally provides that any period of time referred to in any rule "shall be so computed as to exclude the first and include the last day of such period." (*Id.*, no. 28, ¶¶4, 8.) According to Doble's former counsel, "the time period

would not have started on July 23, 2004, as computed by the defendants," as a result of which "the 60-day time period would have expired on September 23, 2004, and not on September 22, 2004, as computated *(sic)* by the defendants." (*Id.,* ¶9.) Former counsel also represents in his petition dated September 27, 2004, that an expert review "is still pending due to the time it takes to obtain [Doble's] extensive medical records" such that the "defendant cannot claim that they're *(sic)* right to know that this was not a frivolous or meritless lawsuit since [Doble's] expert is still reviewing this matter." (*Id.,* ¶¶15, 17.) Thus, Doble's ex-counsel submits that the judgments of non pros should be opened since they were "requested on the 59th day," "[t]he case was brought to counsel and their expert close to the statue *(sic)* of limitations," and "plaintiff forwarded their *(sic)* motion to extend time on September 24, 2004." (*Id.,* ¶19.) The same reasoning is employed in Doble's motion to extend. (*Id.,* no. 27.)

Dr. Peters, MTH and CMC dispute the application of Rule 106(a) proffered by Doble's former counsel and maintain that the judgments of non pros were filed after the expiration of the applicable 60-day period. (Dkt. entry no. 38, pp. 4-5; dkt. entry no. 42, p. 4; dkt. entry no. 43, pp. 2-3.) MTH and CMC both submit that although Doble's petition to open was promptly filed, Doble has failed to establish a reasonable excuse for not filing a timely certificate of merit. (Dkt. entry no. 42, p. 5; dkt. entry no. 43, pp. 3-4.) Dr. Peters likewise asserts that "Doble's petition fails to set forth a reasonable explanation or a legitimate excuse for the inactivity or delay," and further contends that Doble's petition

to open was "not timely filed." (Dkt. entry no. 38, p. 6.)

## II. DISCUSSION

### (A) *Standard of Review*

It is now well settled that petitions seeking to open judgments of non pros entered pursuant to Pa.R.C.P. 1042.6 are governed by Pa.R.C.P. 3051. See *Yee v. Roberts,* 878 A.2d 906, 909 (Pa. Super. 2005); *Hoover v. Davila,* 862 A.2d 591, 595 (Pa. Super. 2004). To open a judgment of non pros under Rule 3051, the petition to open must be timely filed, the petitioner must provide a reasonable explanation or legitimate excuse for the original inactivity or delay, and a meritorious cause of action must exist. See Pa.R.C.P. 3051(b)(1)-(3). The trial court's decision to grant or deny a petition to open a judgment of non pros entered pursuant to Pa.R.C.P. 1042.6 will be reversed on appeal only for a manifest abuse of discretion. *Varner v. Classic Communities Corporation,* 890 A.2d 1068, 1072 (Pa. Super. 2006); *Parkway Corporation v. Edelstein,* 861 A.2d 264, 266 (Pa. Super. 2004).

### (B) *Rule 1042.3 Computation by Doble's Former Counsel*

In all medical negligence actions filed after January 27, 2003, the plaintiff or the plaintiff's counsel must sign and file a certificate of merit within 60 days after the filing of the complaint. The certificate of merit must attest that either: "(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge ex-

ercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards, and that such conduct was a cause in bringing about the harm, or (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Pa.R.C.P. 1042.3(a)(1)-(3). Rule 1042.3(d) enables the court, upon good cause shown, to "extend the time for filing a certificate of merit for a period not to exceed 60 days," provided that the motion to extend is "filed on or before the filing date that the plaintiff seeks to extend." Pa.R.C.P. 1042.3(d). In the event that the plaintiff fails to file a timely certificate of merit under Rule 1042.3(a) or secure an extension of time pursuant to Rule 1042.3(d), the health care defendant may praecipe the prothonotary to enter a judgment of non pros against the plaintiff. See Pa.R.C.P. 1042.6(a).

It is undisputed that Doble's complaint was filed on July 23, 2004, and that the first judgment of non pros was entered on September 22, 2004. Doble's former counsel contends that if the computation methodology prescribed by Pa.R.C.P. 106(a) is employed, the judgments of non pros obtained by the defendants were entered prematurely on the 59th day after the filing of the complaint. Such an interpretation of Rule 106(a) is contrary to the plain language of that rule.

Pennsylvania Rule of Civil Procedure 106(a) provides that except in certain instances which are inapplicable in

the case sub judice, "[w]hen any period of time is referred to in any rule, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period." Pa.R.C.P. 106(a). This computation approach has been applied literally by the courts to exclude the first date and include the last date when calculating a limitations period. See *e.g., Wolfe v. Stover,* 378 Pa. Super. 313, 318-19, 548 A.2d 628, 631 (1988). The method of excluding the first date and including the last date has been utilized in calculating the 60-day period under Rule 1042.3. See *Hoover,* 862 A.2d at 594 (judgment of non pros properly entered on April 14, 2003, where complaint was filed on February 12, 2003).

In the case at hand, if the date of the filing of the complaint (July 23, 2004) is excluded and the date that the first judgments of non pros were entered (September 22, 2004) is included, the 61st day after the filing of the complaint is September 22, 2004. The contention that September 22, 2004 represents the 59th day after July 23, 2004 is wholly unsupported by Rule 106 or any other rule of procedure. Therefore, the judgments of non pros secured by Dr. Peters, MTH and CMC were entered on the 61st day after the filing of the complaint and any argument to the contrary is devoid of merit.

(C) *Doble's Petition To Open*

A petition to open a judgment of non pros is addressed to the equitable powers of the court which may open the judgment "by way of grace and not of right." *Almes v. Burket,* 881 A.2d 861, 863-64 (Pa. Super. 2005). To open a judgment that was entered under Rule 1042.6, the petitioner must demonstrate that: (1) the petition to open was

promptly filed; (2) there is a reasonable explanation or legitimate excuse for the failure to timely file the certificate of merit; and (3) there is a meritorious cause of action.[3] *Yee,* 878 A.2d at 909 n.2; *Hoover,* 862 A.2d at 595. Since Doble filed the petition to open within less than one week of the entry of the judgments of non pros, and Doble has produced an expert report indicating the existence of a prima facie case of malpractice, she has satisfied the first and third prongs of the Rule 3051(b) test. See *Almes,* 881 A.2d at 864 (holding that plaintiffs met

---

3. Although the entry of a judgment of non pros does not exist in federal motion practice, see *Abdulhay v. Bethlehem Medical Arts,* 2005 WL 2416012, *10 n.13 (E.D. Pa. 2005), several federal courts have concluded that Pennsylvania's certificate of merit rule constitutes substantive state law and must be applied by federal courts sitting in diversity. See *Hartman v. Low Security Correctional Institution Allenwood,* 2005 WL 1259950, **3-4 (M.D. Pa. 2005); *Scaramuzza v. Sciolla,* 345 F. Supp.2d 508, 510 (E.D. Pa. 2004); *Velazquez v. UPMC Bedford Memorial Hospital,* 338 F. Supp.2d 609, 613 (W.D. Pa. 2004). One of those courts has reasoned that the failure to file a timely certificate of merit does not warrant dismissal of the complaint unless the defendant can establish prejudice due to the delay. See *Scaramuzza, supra* ("Although the court believes the 60-day time limit is binding on a plaintiff, the defendant in this case has not shown prejudice from the delay, and the court will not dismiss the complaint."). Other federal courts have declined to adopt such a prejudice standard. See *Abdulhay, supra* at *11 ("while we agree with plaintiffs that defendants have not demonstrated prejudice, we agree with defendants that they do not have to [under Pa.R.C.P. 1042.6]."); *Hartman, supra* at *4 (refusing to adopt prejudice standard articulated in *Scaramuzza* and observing that "[t]he only reported Pennsylvania court decisions of which we are aware have held that such prejudice is immaterial when considering whether a plaintiff's claims should be dismissed for the failure to comply with Rule 1042.3."). The Superior Court of Pennsylvania has not required a showing of prejudice by the defendant in order for the court to deny a petition to open a judgment of non pros. See *Parkway Corp.,* 861 A.2d at 269.

the first and third prong of the test in that they "filed the petition for relief within a week of the entry of the judgment and the certificate of merit and supporting statement suggest that a prima facie case of professional negligence exists."); *Harris v. Neuburger,* 877 A.2d 1275, 1278 (Pa. Super. 2005) (same). Consequently, the dispositive issue to be addressed is whether Doble has reasonably explained the initial lack of compliance with Rule 1042.3(a).

Recent decisions of the Superior Court of Pennsylvania have recognized equitable exceptions to Rule 1042.3, and, in the process, have found reasonable explanations or excuses to exist where the failure to file a timely certificate of merit is attributable to attorney neglect or error.[4] In *Harris, supra,* the plaintiffs' attorneys provided defense counsel with copies of supporting expert reports, but neglected to file the required certificate of merit under Rule 1042.3(a). After the defendants obtained judgments of non pros pursuant to Rule 1042.6, the plaintiffs petitioned to open the judgments and the trial court granted the plaintiffs' petition to open. *Harris,* 877 A.2d at 1276-77. On appeal, the Superior Court noted that "[c]learly, the underlying purpose of [Rule 1042.3] is to prevent the filing of baseless medical professional liability claims." *Id.* at 1278. In affirming the lower court, the

---

4. The Supreme Court of Pennsylvania has granted allowance of appeal in a certificate of merit case to consider "the question of whether Rule 1042.3 should be deemed subject to equitable exceptions." *Womer v. Hilliker,* 582 Pa. 92, 93, 869 A.2d 482 (2005).

*Harris* court concluded that that goal had been fulfilled and held:

"Given the factual circumstances of this matter and our standard of review, the grant of appellee's motion to open the judgments of non pros was proper. The lower court's decision is additionally supported by both equitable principles and Pa.R.C.P. 126 which provides that 'the [Rules of Civil Procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable . . . the court at every stage of any proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.' While Rule 1042.3 provides for a generous time period before the required filing of the certificate of merit, and while the rule allows for unlimited time extensions, in the context of this case, the lower court ruled, and we agree, that it was not wholly unreasonable for appellee to have concluded that his actions represented substantial compliance with the certificate of merit rule. As the lower court noted, appellee 'provided [appellants], prior to the required filing of the certificate of merit, not just an attorney's affidavit, but the reports, themselves.' Lower court opinion, at 4. We agree that since appellee has satisfied the purpose of Rule 1042.3, he should not be barred from his day in court because he mistakenly, but reasonably, believed he had met his obligation. The lower court did not abuse its discretion, and the court properly granted appellee's motion to open the judgments of non-pros." *Id.*

Similarly, in *Almes, supra,* the plaintiff's counsel failed to file a certificate of merit in compliance with Rule

1042.3 due to his involvement with a family emergency. Specifically, after plaintiff's counsel had consulted with an expert who had mailed a favorable report to him, his mother-in-law died and was later buried on the date that the certificate of merit was due. Upon returning to his office several days later, plaintiff's counsel discovered in his mail both the report from his expert and a copy of the defendant's praecipe to enter a judgment of non pros under Rule 1042.6. Plaintiff's counsel filed a petition to open five days later, but the trial court denied the petition based upon *Helfrick v. UPMC Shadyside Hospital,* 65 D.&C.4th 420 (Allegheny Cty. 2003) and *Kerry v. Butler Memorial Hospital,* 66 D.&C.4th 569 (Butler Cty. 2004). See *Almes,* 881 A.2d at 863.

On appeal, the Superior Court cited *Harris* with approval and characterized that holding as excusing "a failure to file a certificate of merit within the time allowed by Rule 1042.3 due to attorney misapprehension." *Id.* at 865. Based upon the circumstances presented in *Almes,* the appellate court concluded that the trial court abused its discretion in denying the petition to open and stated:

"[w]e are not prepared to assert that an attorney who forgets that the certificate was due or who fails to take the above mentioned actions when faced with a family crisis like the one presented here is so derelict in his obligations that the oversight should not be excused.

"The law requires only that the failure be accompanied by a reasonable explanation or a legitimate excuse. Keeping in mind that the opening of a judgment is an appeal to the equitable powers of the court, we do not believe our law is so cold-hearted as to demand vigilance of an attorney who experiences a death in the fam-

ily or is so cold as to be unwilling to excuse failure under these circumstances." *Id.* at 866.

Unlike *Harris* and *Almes* where counsel's excusable oversight was found to constitute legitimate excuse under Pa.R.C.P. 3051(b)(2), Doble maintains that her former counsel inexplicably failed to file a timely certificate of merit despite the fact that he possessed a favorable expert report by Dr. Balliro. Doble asserted at the time of oral argument that since her former counsel had a supporting expert report "that he could have used, but he chose not to . . . ," (dkt. entry no. 46, p. 3), his failure to file the required certificate of merit was inexcusable. (*Id.,* pp. 3-4, 19-20.) Our Supreme Court has noted that "[a]ny person entrusting a matter to an attorney in this Commonwealth should be able to believe that the matter will be competently and diligently handled." *Jung v. St. Paul's Parish,* 522 Pa. 167, 175-76, 560 A.2d 1356, 1360 (1989) (quoting *PennDOT v. Nemeth,* 497 Pa. 580, 584, 442 A.2d 689, 691 (1982)). For that reason, attorney neglect or mistake has been regarded as a reasonable explanation or legitimate excuse for opening a judgment of non pros pursuant to Pa.R.C.P. 3051(b). See *Esslinger v. Sun Refining and Marketing Company,* 379 Pa. Super. 69, 74-75, 549 A.2d 600, 603 (1988) (stating that "pertinent case law reveals that the power to open judgment should be exercised when the default is the result of oversight or mistake by counsel."); *Buxbaum v. Peguero,* 335 Pa. Super. 289, 294-95, 484 A.2d 137, 140-41 (1984) (trial court properly opened judgment of non pros based upon attorney negligence in failing to timely file complaint).

According to the record that has been submitted by the parties, Doble provided Dr. Balliro's report to her

former counsel well in advance of the certificate of merit deadline and was not advised of the need to retain new counsel to "file the certificate of merit" until after the judgments of non pros had already been entered. A petition to open a judgment of non pros is an appeal to the equitable powers of the court, and under the totality of the circumstances present in this case, it would appear harsh and unfair to deny Doble the opportunity to proceed forward with her malpractice claim that is supported by an appropriate expert opinion.[5] "The goal of the certificate of merit is to weed out clearly non-meritorious lawsuits early in the litigation process," *Warren v. Folk,* 886 A.2d 305, 307 (Pa. Super. 2005), and the courts have been more inclined to grant petitions to open judgments of non pros where the purpose of Rule 1042.3 has been satisfied. See *e.g., Almes, supra; Harris, supra.* No discovery has been conducted in this case and the pleadings have not yet been closed. Since this litigation is still in its infancy and Doble has substantiated her negligence claims with an expert report, the goal of Rule 1042.3 would not be frustrated by opening the judgments of non

---

5. Doble avers in the complaint that her surgery was performed on November 20, 2001, and her post-operative complications and treatment occurred in late June 2002 and early July 2002. (Dkt. entry 10, ¶¶9, 17-33.) As a result, the two-year statute of limitations on Doble's malpractice claims have now expired and Doble would not be entitled to refile her malpractice claims if the petition to open were to be denied. Compare *White v. Behlke,* 69 D.&C.4th 353, 371-72 (Lacka. Cty. 2004) (since judgment of non pros has no res judicata effect, plaintiff may file a second malpractice action following the entry of a judgment of non pros under Rule 1042.6 provided that the applicable statute of limitations has not expired); *Helfrick,* 65 D.&C.4th at 427-28 (same).

pros which arguably are the product of attorney negligence.

Doble's complaint alleges professional negligence by Dr. Peters and seeks to impose vicarious liability upon MTH and CMC for Dr. Peters' purported malpractice. Dr. Balliro's report is sufficient to sustain Doble's claims of negligence by Dr. Peters, but it does not provide any support for Doble's separate allegations of corporate liability on the part of MTH and CMC. Doble's corporate liability claims against MTH and CMC must be supported by an independent certificate of merit under Rule 1042.3(a). See *Yee,* 878 A.2d at 913-14; *White,* 69 D.&C.4th at 362-63. Thus, Doble's petition to open will be granted with respect to her malpractice claim against Dr. Peters (Count I) and her vicarious liability claims against MTH and CMC (Counts II and III) and Doble will be directed to file certificates of merit pursuant to Rule 1042.3(a)(1) and (2) in support of those claims. However, since Doble's corporate negligence claims are not supported by an independent certificate of merit, Doble's petition will be denied as to Counts IV and V of the complaint asserting causes of action against MTH and CMC for corporate liability. An appropriate order follows.

## ORDER

And now, March 17, 2006, upon consideration of "plaintiff's petition to open judgment of non pros," "plaintiff's motion to extend time for filing certificate of merit," the memoranda of law submitted by the parties and the oral argument of defense counsel and plaintiff,

and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that:

(1) "Plaintiff's petition to open judgment of non pros" is granted in part and denied in part;

(2) "Plaintiff's petition to open judgment of non pros" is granted with regard to Counts I, II and III of the complaint asserting professional negligence by the defendant, Dr. William Peters, and vicarious liability on the part of the defendants, Moses Taylor Hospital and Community Medical Center/Health Care Systems, for the actions of Dr. Peters;

(3) Within 30 days of the date of this order, the plaintiffs shall file a certificate of merit pursuant to Pa.R.C.P. 1042.3(a)(1) in support of their malpractice claims against Dr. William Peters and a certificate of merit under Pa.R.C.P. 1042.3(a)(2) with respect to the plaintiffs' vicarious liability claims against the defendants, Moses Taylor Hospital and Community Medical Center/Health Care Systems;

(4) "Plaintiff's petition to open judgment of non pros" is denied with regard to Counts IV and V of the complaint asserting causes of action against the defendants, Moses Taylor Hospital and Community Medical Center/ Health Care Systems, for corporate negligence; and

(5) In light of the foregoing, "plaintiff's motion to extend time for filing certificate of merit" is dismissed as moot.